■ In the Matter of the Claim of DONA C. FURNO, Respondent. PANASONIC COMPANY, DIVISION OF MATSUSHITA ELECTRIC CORPORATION OF AMERICA, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 2, 1983, which ruled that claimant, a home appliance demonstrator, and those similarly situated, were employees rather than independent contractors. ¶ Panasonic Company, Division of Matsushita Electric Corporation of America (Panasonic), markets home appliances, including microwave ovens. Claimant and others similarly situated (hereinafter referred to collectively as a demonstrator) is both a demonstrator of and cooking instructor for microwave ovens. Initial contact between Panasonic and a demonstrator is occasioned primarily through retailers and newspaper solicitation. Those interested in becoming demonstrators of Panasonic microwave ovens must be approved by Panasonic. ¶ Panasonic maintains a fund from which costs are paid for demonstrations and cooking classes using Panasonic microwave ovens. These sessions, held at the behest of qualified direct market retail accounts and conducted at the retailer's store location, are a part of Panasonic's sales promotion program designed to increase the cooking skills of its customers and also to promote further sales of Panasonic's products. While the retailer determines whether, when, where and how the demonstrations and cooking classes are to be conducted, Panasonic pays a set fee ($60 per cooking class and $8 per hour for demonstrations) and expenses (mileage and limited food costs) to the demonstrators for their services. Panasonic contends that because demonstrators are free of any direction, supervision or control by it, are free to and regularly do perform the same services for its competitors, and are allowed to accept or reject Panasonic's requests for their services, the board, as a matter of law, erroneously declared them to be employees rather than independent contractors. ¶ Although demonstrators do work for competitors and may decline an offer of work, examination of the record discloses that Panasonic indirectly

supervises and controls their efforts through its retailers, who concededly determine whether, when, where and how the demonstrators are to display their dexterity with Panasonic's products. In effect, the retailers act as Panasonic's agent for the purpose of supervising the demonstrator's performance; in fact, the retailers must sign a voucher to enable the demonstrators to receive their fee or reimbursement for expenses. ¶ This, combined with the following factors, supply substantial evidence that an employer-employee relationship between Panasonic and those in like circumstance as claimant exists: demonstrators are paid to attend voluntary preliminary training sessions and annual ones therefore; they are furnished a training manual free of charge which explains Panasonic's and its competitors' microwave ovens and suggests formats for demonstrations and cooking classes; Panasonic pays a predetermined fee to all demonstrators, although it may increase it to obtain the services of a particularly skilled demonstrator; and travel and food expenses incurred by demonstrators are also defrayed by Panasonic. That the record contains other evidence which may give rise to another conclusion does not render the board's finding that an employer-employee relationship existed faulty (see *Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734; *Matter of Eastern Suffolk School of Music [Roberts]*, 91 AD2d 1123, mot for lv to app den 60 NY2d 554). ¶ Decision affirmed, with costs to the Commissioner of Labor. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.