■ In the Matter of the Claim of PATRICIA KRUGMAN, Respondent. BLAISE ZITO ASSOCIATES, INC., Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 8, 1988.

The employer appeals from a decision of the Unemployment Insurance Appeal Board which found that claimant was an employee of Blaise Zito Associates, Inc. during the period in question, February 3, 1986 to September 12, 1986. This decision resulted in covered employment, making claimant eligible for benefits and Blaise Zito liable for unemployment insurance contributions.

Claimant is a mechanical artist who filed for unemployment insurance benefits effective February 2, 1987, thereby establishing a base period of February 3, 1986 to February 1, 1987. It is the nature of her relationship with Blaise Zito from February 3, 1986 to September 12, 1986 that is in issue. Blaise Zito contends that claimant was not an employee, but rather an independent contractor.

Mechanical artists, such as claimant, are one type of various specialists hired by Blaise Zito, a small art studio which

provides graphic services for book publishers. During the period in question, claimant worked for no other person or business, except one small job for a nonprofit corporation. She understood that her employment was exclusive and she essentially worked full time. Although her work could be done at home, claimant worked at the company's offices where she was provided with a desk, lamp, telephone and certain tools of her trade. She was paid by the hour at a rate set by the company. Claimant was required to submit time sheets on a weekly basis. She did not bill the clients directly for her services and her services have no relevance to the amount paid by the client to the company. Claimant received instructions and deadlines from the company and occasionally worked in teams with other specialists.

Although claimant considered herself a "freelancer" and indicated on her tax reports that she was self-employed, and although no taxes were deducted from her check and she received no benefits beyond her compensation, the factors evidencing control, outlined above, supply substantial evidentiary support for the Board's decision of an employer-employee relationship (see, Matter of Ted is Back Corp. [Roberts], 64 NY2d 725, 726). This conclusion ends further judicial inquiry, even though there is evidence in the record to support a contrary conclusion (see, Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 521). The Board's decision must, therefore, be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.