■ In the Matter of the Claim of STEWART LUCAS, Respondent. YVES SAINT LAURENT PARFUMS CORPORATION, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 30, 1988, which, inter alia, ruled that claimant was entitled to receive unemployment insurance benefits.

The Unemployment Insurance Appeal Board determined that claimant was an employee of Yves Saint Laurent Parfums Corporation (hereinafter the corporation) and awarded claimant unemployment insurance benefits. The Board also assessed the corporation for additional unemployment insurance contributions. Claimant was a professional makeup artist. His duties for the corporation consisted of performing his services, at scheduled hours and for an hourly rate, at a department store counter as part of a promotion to sell the corporation's cosmetic products. Although on appeal the corporation argues that claimant was an independent contractor, in

our view the Board's determination to the contrary is supported by substantial evidence and must therefore be affirmed.

"Whether an employment relationship exists * * * is a question of fact, no one factor is determinative and the determination of the [Board], if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Concourse Ophthalmology Assocs. [Roberts], 60 NY2d 734, 736). In the instant case there is sufficient evidence of employer control over the results produced and the means used to produce the result (see, supra; see also, Matter of 12 Cornelia St. [Ross], 56 NY2d 895, 897). The corporation, through the department store, furnished claimant with a place to work, the tools, the cosmetics, the counter and a chair for the customer to be seated in while the cosmetics were applied for the purpose of demonstrating the corporation's product. The corporation also set the hourly rate of pay, scheduled the hours to be worked and required that claimant demonstrate the corporation's "look" in applying the makeup. Furthermore, claimant was required to work exclusively for the corporation during scheduled hours. The corporation exercised control over his appearance and over the time he could spend with clients. It criticized his work and scheduled his breaks and lunch hour. On occasion claimant was required to promote sales by distributing spray fragrances and advertising literature in the aisles. Claimant was also required to approach and solicit business from customers and was told how to comment on a product. The corporation's territorial agent testified that the corporation paid claimant's wages as well as those of the store's counter manager who hired and supervised the work activities of claimant. Despite these facts no payroll deductions were taken from claimant's pay and the counter manager did not specifically control the way in which claimant executed the corporation's "look".

On this record, the counter manager, who was also employed by the department store, could properly be considered the agent of the corporation in hiring and in supervising claimant (see, Matter of Furno [Panasonic Co.— Roberts], 102 AD2d 937). Although the corporation did not control every detail of claimant's work, the requirement that claimant apply the corporation's "look" using the corporation's products, and to promote the corporation's products while doing so, demonstrates sufficient control on the part of the corporation to support a finding that claimant was its employee. The

Board could therefore properly conclude that claimant was the corporation's employee *(see, supra; see also, Matter of Krugman [Zito Assocs.—Hartnett],* 151 AD2d 907).

The corporation's contention that claimant's hearing testimony should have been stricken on the basis that the corporation was effectively precluded from cross-examining claimant is rejected. It is true that a party does have the right to cross-examine an adverse party or witness. However, the record indicates that the corporation extensively cross-examined claimant and sought adjournments. Therefore, we do not find that the Board abused its discretion or the corporation's rights in directing that the testimony of claimant be considered in the light most favorable to the corporation and in ordering the hearing closed without further adjournment. Significantly, the testimony of the corporation's own witness confirms the testimony of claimant on essential points of control exercised by the corporation.

Decision affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.