■ In the Matter of ARKWIN INDUSTRIES, INC., Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. (Proceeding No. 1.) In the Matter of the Claim of PAULETTE CLEFF, Respondent. ARKWIN INDUSTRIES, INC., Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent. (Proceeding No. 2.) [617 NYS2d 240] —Yesawich Jr., J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed April 15, 1993.

Claimant, a nurse, was hired to assist Robert Wallach in providing medical services, including regular physical examinations, to employees of Arkwin Industries, Inc. Although Arkwin maintained that claimant had been hired and supervised by Wallach and had worked for Arkwin only as an independent contractor, the local unemployment insurance office found her to have indeed been Arkwin's employee and eligible for unemployment insurance benefits. Claimant's case apparently prompted the Department of Labor (hereinafter the Department) to undertake a general audit of Arkwin's employment practices, as a result of which it determined that several others, engaged in furnishing varied services to Arkwin and considered by Arkwin to be independent contractors, were actually employees.

Made aware of this, Arkwin requested hearings with regard to both determinations and was notified that the general audit case hearing would be held in abeyance pending the outcome of the hearing on claimant's case, which had already been scheduled. After the latter hearing was held, the Administrative Law Judge (hereinafter ALJ) found claimant to have been an employee, and upon Arkwin's appeal the Unemployment Insurance Appeal Board sustained this decision. Arkwin appeals.

There is ample support for the Board's determination that claimant, and other nurses similarly situated, were Arkwin's employees for the purposes of the Unemployment Insurance Law (see, Matter of Concourse Ophthalmology Assocs. [Roberts], 60 NY2d 734, 736-737; Matter of Nurse Care Registry [Hart-

*nett],* 154 AD2d 804, 805, *lv denied* 76 NY2d 701). The record indicates that claimant responded to an advertisement placed by Arkwin's personnel department, was instructed to complete an employment application, and was first "screened" by Lorie Quis, Arkwin's personnel manager, before being interviewed by Wallach. After starting work, claimant—who testified that it was Quis who had informed her of the days and hours she was to work—submitted bills to, and was paid by, Arkwin; there is no showing that Wallach ever reimbursed Arkwin for claimant's services. All of claimant's work for Arkwin was performed on Arkwin's premises and all supplies and equipment were provided by Arkwin. On the only day claimant had to call in sick, she advised Arkwin's personnel department. Claimant also testified that Quis would occasionally inform her of employees who needed to be seen by medical personnel. These factors also lend substance to the Board's determination that Wallach—whether he himself was Arkwin's employee or merely an independent contractor, a question that has yet to be resolved—was acting as Arkwin's agent when supervising claimant's daily work activities *(see, Matter of Santamore [Hudacs],* 193 AD2d 849, 850; *Matter of Furno [Panasonic Co. —Roberts],* 102 AD2d 937, 938, *lv denied* 63 NY2d 610).

Arkwin also argues that its right to due process was violated when, after the hearing in claimant's case, the purpose of which was to determine whether she and persons similarly situated were employees of Arkwin, the ALJ applied findings reached therein to the general audit case for which Arkwin had received no hearing notice and was not afforded an evidentiary hearing. Of particular concern to Arkwin is the ALJ's reference to Wallach's status.

These concerns are unfounded, for a review of the hearing testimony reveals that the inquiry conducted therein was directed solely to a determination of claimant's status and, consequently, the ALJ's allusion to Wallach as "the doctor employed by" Arkwin cannot be viewed as dispositive of whether Wallach was, in fact, an employee and not an independent contractor. Nor does the determination that claimant was Arkwin's employee necessarily turn on whether Wallach, too, was an employee. That being so, Arkwin cannot, because of the ALJ's determination in claimant's case, be collaterally estopped from proving, if and when the issue is actually litigated—there is correspondence in the record from the Department, sent after the appeal herein was filed, inquiring as to whether Arkwin intended to pursue its request for a hearing in the general audit case—that he was not.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the decisions are affirmed, without costs.