■ In the Matter of the Claim of BRUCE A. KIENLE, Respondent. HUNTER ENGINEERING COMPANY, Appellant; COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [689 NYS2d 768] —Appeal from two decisions of the Unemployment Insurance Appeal Board, filed February 13, 1998, which, *inter alia*, upon reconsideration, adhered to its prior decisions ruling that Hunter Engineering Company was liable for additional unemployment insurance contributions based upon remuneration paid to claimant and those similarly situated.

Claimant worked as a sales representative for Hunter Engineering Company, a company engaged in selling wheel service equipment. Claimant was provided with sales training at Hunter's expense and was tested as to his knowledge of Hunter's copyrighted sales approach. Hunter established claimant's sales territory, quotas and commission schedule. Hunter provided claimant with sales materials and sales leads which claimant was required to follow up. Additionally, Hunter expected claimant to work eight hours per day and claimant was told at one point that he could not take a vacation until he exceeded his sales quota. Claimant was required to call his manager on a regular basis and sometimes a manager accompanied him on sales calls to critique his performance and offer advice.

The Unemployment Insurance Appeal Board ruled that

Hunter exercised sufficient direction and control over claimant's work to establish the existence of an employment relationship (*see, Matter of Dolhon [United Group Agency—Sweeney]*, 236 AD2d 749). We conclude that, even if the evidence submitted by Hunter was sufficient to justify a different conclusion, the record nevertheless contains substantial evidence to support the Board's finding that claimant worked as a sales representative in an employment relationship with Hunter (*see, Matter of Zaweski [Farm Family Life Ins. Co.—Commissioner of Labor]*, 251 AD2d 913). Contrary to Hunter's argument, the fact that claimant signed an agreement identifying him as an "independent contractor" does not mandate a contrary result (*see, Matter of Francis [West Sanitation Servs.—Sweeney]*, 246 AD2d 751, 752, *lvs dismissed* 92 NY2d 886, 93 NY2d 833). The remaining arguments raised by Hunter, including its apparent challenge to the Board's assessment of credibility, have been examined and found to be unpersuasive. Accordingly, we find no reason to disturb the Board's decisions ruling that claimant and others similarly situated are Hunter's employees.

Mikoll, J. P., Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decisions are affirmed, without costs.