■ In the Matter of EXECUTIVE EDUCATION INSTITUTE, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [704 NYS2d 338] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 7, 1998, which assessed Executive Education Institute, Inc. with additional unemployment insurance contributions and penalties based upon remuneration paid to employees.

Executive Education Institute, Inc. (hereinafter EEI), an agency engaged in the business of providing executive computer software training, was assessed with additional unemployment insurance contributions for the period of January 1, 1994 through September 30, 1996 based upon a finding that its nonpermanent computer training consultants were its employees rather than independent contractors. The Unemployment Insurance Appeal Board further assessed EEI with a fraud penalty pursuant to Labor Law § 570 (4). EEI appeals.

Our review of the record reveals substantial evidence to support the Board's conclusion that EEI exercised sufficient direction and control over the services performed by the training consultants to establish their status as employees rather than independent contractors (*see, Matter of Bronte [Idom, Inc.— Commissioner of Labor]*, 261 AD2d 733, 734). The training consultants are computer experts retained by EEI to conduct specialized, short-term training projects which require more expertise than that possessed by permanent EEI employees.

EEI reimburses the training consultants for travel and business expenses, including any teaching materials or supplies required for the particular training course being taught, and requires them to submit billing and expense invoices on a monthly basis in order to avoid the burden caused by more frequent billing. EEI requires that consultants obtain its prior approval to substitute another consultant to perform work assigned to them. Clients direct their complaints to EEI rather than the individual training consultants and complete questionnaires drafted by EEI for the purpose of evaluating the training provided by the consultants. Under these circumstances, we decline to disturb the Board's decision finding that an employment relationship exists between EEI and the training consultants (*see, id.*, at 734; *Matter of Kaplan [Tupperware Distribs.—Commissioner of Labor]*, 257 AD2d 951, *lv dismissed* 93 NY2d 920), notwithstanding that evidence was presented that might have supported a contrary conclusion (*see, id.*; *Matter of George [Upstate Merchandising—Commissioner of Labor]*, 254 AD2d 657).

Finally, the imposition of the 50% fraud penalty pursuant to Labor Law § 570 (4) was proper. The record demonstrates that EEI—on notice from a 1993 unemployment insurance audit determination that its temporary training consultants were considered to be its employees—subsequently willfully failed to report the remuneration it paid to these consultants in its payroll reports for computation of unemployment insurance contributions, because it disagreed with the finding of an employment relationship (*see, Matter of Wapnick*, 167 AD2d 622, *appeal dismissed* 77 NY2d 939; *cf., Matter of Hair*, 142 AD2d 800, 801-802).

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.