■ In the Matter of the Claim of MINERVA L. RIOS, Respondent. LA PRAIRIE, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [719 NYS2d 718] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 27, 1999, which assessed La Prairie, Inc. with additional unemployment insurance contributions based upon remuneration paid to claimant and those similarly situated.

La Prairie, Inc., a cosmetics distributor whose products are sold at department stores, challenges a determination of the Unemployment Insurance Appeal Board ruling that claimant and other similarly situated freelance makeup artists are its employees rather than independent contractors. The record reveals that claimant was hired by La Prairie to work at a department store makeup counter applying cosmetics to customers during a two-week sales promotion. Although claimant applied for the position at the department store, claimant's wages were paid by La Prairie based upon the hours established by La Prairie and reflected in the time sheets that it required her to complete. Claimant was expected to notify La Prairie if she was unable to work on a particular day and was prohibited from choosing her own replacement. Under these circumstances, substantial evidence supports the Board's conclusion that La Prairie exercised sufficient control over claimant to establish an employer-employee relationship (*see, Matter of Horne [Colonia, Inc.—Hudacs],* 188 AD2d 922; *Matter of Lucas [Yves Saint Laurent Parfums Corp.—Hartnett],* 161 AD2d 993). Although the department store directly supervised claimant's daily activities, the Board could properly find that the department store was merely acting as La Prairie's agent (*see, Matter of Lucas [Yves Saint Laurent Parfums Corp.—Hartnett], supra,* at 994; *see also, Matter of Furno [Panasonic Co.—Roberts],* 102 AD2d 937, 938, *lv denied* 63 NY2d 610). While the record

contains evidence that would support a contrary result, we must uphold the Board's decision as supported by substantial evidence (*see, Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736).

Cardona, P. J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.