■ In the Matter of FITNESS PLUS, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [741 NYS2d 300] —Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 29, 2000, which assessed Fitness Plus, Inc. additional unemployment insurance contributions.

Fitness Plus, Inc. provides fitness classes for corporate clients on the clients' premises. After assessing a client's needs and the facilities available, Nancy Burstein, the president of Fitness Plus, contacts one of approximately 30 instructors to see if the instructor is available to teach the class and, if so, negotiates the fee the instructor will be paid for the class. Fitness Plus bills the client for the class. The instructor is paid the agreed-upon fee regardless of class attendance, with Fitness Plus bearing the risk of any financial loss. Fitness Plus pays instructors biweekly and reports their income on Internal Revenue Service Form 1099.

Instructors are either recruited by Burstein from various gyms or they contact Fitness Plus after hearing about the company through word of mouth. Burstein interviews each potential instructor, obtains information about the instructor's

background, training, certification and experience, and usually observes the instructor teach a class. Fitness Plus maintains liability insurance and requires that its instructors be certified by particular fitness industry organizations. Instructors typically work one to six hours per week for Fitness Plus and are required to sign a letter of understanding agreeing to their status as independent contractors. When an instructor is unable to teach a scheduled class session, the instructor may arrange for a substitute; however, if Fitness Plus arranges for the substitute it pays the substitute instead of paying the regular instructor for that session.

The Unemployment Insurance Appeal Board determined that Fitness Plus exercised sufficient direction and control over the services performed by the instructors to establish their status as employees for the purposes of unemployment insurance coverage. Where, as here, substantial evidence exists to support the conclusion, we defer to the Board's factual determination (see, Matter of DM & M Cable Servs. [Commissioner of Labor], 288 AD2d 643; Matter of Enjoy the Show Mgt. [Commissioner of Labor], 287 AD2d 822; Matter of Hoyt [Commissioner of Labor], 256 AD2d 859). Neither the existence of some record evidence to the contrary nor the fact that the instructors signed a contract designating themselves as independent contractors compels a different result (see, Matter of Enjoy the Show Mgt. [Commissioner of Labor], supra; Matter of Viniotis [Town of Islip—Commissioner of Labor], 280 AD2d 731; Matter of Rios [La Prairie, Inc.—Commissioner of Labor], 279 AD2d 681; Matter of Fratello [M & R Consumer Goods—Commissioner of Labor], 271 AD2d 880).

Mercure, J.P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.