■ In the Matter of the Claim of MARYANN ZELENKA, Respondent. VERSACE PROFUMI USA, LTD., Appellant; COMMISSIONER OF LABOR, Respondent. [759 NYS2d 198] —Mercure, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 2, 2001, which ruled that Versace Profumi USA, Ltd. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

From June 22, 2000 until October 10, 2000, claimant worked for Versace Profumi USA, Ltd. as a cosmetics counter manager at a department store in Manhattan. After her employment ended, she applied for and was found eligible to receive unemployment insurance benefits. In addition, Versace was found liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Versace objected to this determination and requested a hearing, contending that claimant was an independent contractor. At the conclusion of the hearing, an Administrative Law Judge agreed with Versace and found that claimant was an indepen-

dent contractor. The Unemployment Insurance Appeal Board reversed and reinstated the initial determination. Versace appeals.

Initially, we note that "[t]he existence of an employer-employee relationship is a factual issue for the Board to decide and it will not be disturbed if supported by substantial evidence in the record" (*Matter of Whitford [Silberling—Commissioner of Labor]*, 257 AD2d 946, 946 [1999], *lv dismissed* 93 NY2d 921 [1999]; *see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of Loughran [Foley Nursing Agency—Commissioner of Labor]*, 258 AD2d 857, 857 [1999], *lv dismissed* 93 NY2d 957 [1999]). "[N]o one factor is determinative" (*Matter of Concourse Ophthalmology Assoc. [Roberts], supra* at 736). While a finding that an employment relationship exists "may rest upon evidence that the employer exercises either control over the results produced or over the means used to achieve the results, control over the means is the more important factor" (*Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984] [citations omitted]).

In the case at hand, evidence was adduced at the hearing that Versace exercised a sufficient degree of control over claimant to be deemed her employer. Claimant was interviewed and hired by a manager from Versace. She negotiated her hourly rate of pay with this manager who advised her that she would be required to work 40 hours per week. Although claimant received a 3% commission from the department store on the sale of all cosmetics, she also received a 1% commission from Versace on the sale of its products. In addition, she conferred with a Versace manager a few times a week over the telephone and met with this individual approximately once a week at the store. She also met with the Versace manager when planning special product promotions, the timing of which were mutually agreed upon. Moreover, claimant was required by Versace to maintain certain reports. Finally, claimant stopped working at the department store when Versace decided to no longer sell its products there. In view of the foregoing, we conclude that substantial evidence supports the Board's decision that claimant and others similarly situated were Versace's employees (*see e.g. Matter of Rios [La Prairie, Inc.—Commissioner of Labor]*, 279 AD2d 681, 681 [2001]; *Matter of Lucas [Yves St. Laurent Parfums Corp.—Commissioner of Labor]*, 161 AD2d 993, 994). Even though evidence was presented that would support a finding that claimant was an independent contractor, including her signing of an employment agreement designating her as such, this does not compel a con-

trary result based upon the record before us (*see Matter of Fitness Plus [Commissioner of Labor]*, 293 AD2d 909, 910 [2002]; *Matter of Enjoy the Show Mgt. [Commissioner of Labor]*, 287 AD2d 822, 823 [2001]).

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.