■ In the Matter of the Claim of PETER T. O'TOOLE, Respondent. BIOMET MARX & DIAMOND, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [786 NYS2d 606]—

Peters, J.P. Appeal from two decisions of the Unemployment Insurance Appeal Board, filed June 11, 2003, which, inter alia, assessed Biomet Marx & Diamond, Inc. for additional unemployment insurance contributions.

Biomet Marx & Diamond, Inc. is a corporation that distributes medical supplies manufactured by three different companies, two of which are affiliated with Biomet. Claimant was hired by Biomet as a sales representative and worked for the company for approximately a year and a half. After his employment ended, he filed a claim for unemployment insurance benefits. As a result, the Department of Labor issued an initial determination assessing Biomet additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. Following a hearing, an Administrative Law Judge found that claimant was an independent contractor and overruled the initial determination. The Unemployment Insurance Appeal Board, however, reversed, finding that an employment relationship existed between Biomet and claimant. Consequently, the Board allowed the claim and assessed Biomet additional contributions. Biomet now appeals.

"It is well settled that whether an employer/employee relationship exists is a question of fact for the Board that will not be disturbed if supported by substantial evidence even if evidence in the record would support a contrary result" (*Matter of Medical Transcription Plus [Commissioner of Labor]*, 302 AD2d 689, 689-690 [2003] [citations omitted]; *see Matter of Zelenka [Versace Profumi USA—Commissioner of Labor]*, 304 AD2d 927, 928 [2003]). "Such a determination turns on whether the purported employer exercises control over the results produced or, more importantly, the means by which those results are produced" (*Matter of Medical Transcription Plus [Commissioner*

*of Labor], supra* at 690 [citations omitted]; *Matter of Gains, Inc. [Commissioner of Labor]*, 298 AD2d 754, 754 [2002]).

In the case at hand, evidence was adduced that Biomet assigned claimant a sales territory and provided him with a list of hospitals and physicians to call upon. Biomet allowed claimant the use of an office and computer and provided him with a desk, telephone, and a first set of business cards. He was given access to brochures and product samples and training was made available through one of its affiliates, the expenses of which were reimbursed by the affiliate. In addition, claimant's commissions were set by Biomet at 50% of his sales and, although he did not have fixed work hours, he was required to be available on a 24-hour a day, seven-day a week basis and to arrange for someone to cover his customers if he was not available. Furthermore, claimant was required to adhere to Biomet's policies regarding product guarantees, appropriate dress, sexual harassment and conduct while observing surgery. In view of the foregoing, substantial evidence supports the Board's finding of an employment relationship. The fact that claimant was designated an independent contractor by the terms of the letter agreement under which he accepted the position does not compel a contrary result (*see Matter of Zelenka [Versace Profumi USA—Commissioner of Labor], supra* at 928-929; *Matter of Kienle [Hunter Eng'g Co.— Commissioner of Labor]*, 261 AD2d 769, 770 [1999]).

Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.