■ In the Matter of the Claim of JEFFREY BOOTH, Respondent. EAGLE INTERNATIONAL, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [809 NYS2d 655]—

Cardona, P.J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 30, 2004, which assessed Eagle International, Inc. for additional unemployment insurance contributions on remuneration paid to claimant and those similarly situated.

Eagle International, Inc. (hereinafter the employer) is a training institute engaged in the business of providing workshops in the use of hand-held computers. The employer works with its clients to develop a training program tailored to the individual client's needs, and then deploys a trainer to conduct the program utilizing the employer's unique training methodology. It employs four full-time trainers to conduct workshops and also calls upon "contract trainers"—like claimant—when its clients' demands exceed the availability of its full-time staff. On this appeal, the employer seeks review of the Unemployment Insurance Appeal Board's determination that claimant and "all other persons who performed services under the same circumstances" are its employees.

It is well settled that "a determination that an employer-

employee relationship exists may rest upon evidence that the employer exercises either control over the results produced or over the means used to achieve the results, [and that] control over the means is the more important factor to be considered" (*Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984] [citations omitted]; *see Scott v Massachusetts Mut. Life Ins. Co.*, 86 NY2d 429, 433 [1995]; *Matter of O'Toole [Biomet Marx & Diamond, Inc.—Commissioner of Labor]*, 13 AD3d 767, 767-768 [2004]). " '[W]hether an employer/employee relationship exists is a question of fact for the Board that will not be disturbed if supported by substantial evidence even if evidence in the record would support a contrary result' " (*Matter of O'Toole [Biomet Marx & Diamond, Inc.—Commissioner of Labor]*, *supra* at 767, quoting *Matter of Medical Transcription Plus [Commissioner of Labor]*, 302 AD2d 689, 689-690 [2003]; *see Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682 [1986], *cert denied* 481 US 1049 [1987]; *Matter of Stuckelman [Blodnick, Gordon, Fletcher & Sibell, P.C.—Commissioner of Labor]*, 16 AD3d 882, 882 [2005]).

Here, evidence adduced at the hearing includes proof that contract trainers, including claimant, received training by the employer in its distinct and proprietary training methods and such trainers were required to strictly adhere to those methods. Additionally, contract trainers were tested before being sent to conduct programs and the employer provided the contract trainers with slide shows and handouts. While the employer did not generally monitor the training programs, the contract trainers were expected to return attendance sheets and critiques to the employer. The programs were scheduled by the employer per its clients' needs and contract trainers submitted weekly vouchers seeking compensation for the number of days worked at a negotiated rate as well as reimbursement for traveling expenses. As the record contains substantial evidence of the employer's control over the means used to conduct its training programs, we will not disturb the Board's determination (*see Matter of Fitness Plus [Commissioner of Labor]*, 293 AD2d 909, 910 [2002]; *Matter of Executive Educ. Inst. [Commissioner of Labor]*, 270 AD2d 601, 601-602 [2000]), notwithstanding the presentation of evidence that might have supported a different result (*see Matter of O'Toole [Biomet Marx & Diamond, Inc.— Commissioner of Labor]*, *supra* at 767; *Matter of Executive Educ. Inst. [Commissioner of Labor]*, *supra* at 602). The fact that the contract trainers' agreement designated them as independent contractors does not compel a contrary result (*Matter of Gains, Inc. [Commissioner of Labor]*, 298 AD2d 754 [2002]; *Matter of Fitness Plus [Commissioner of Labor]*, *supra* at 910).

The employer's further contention that the Board erred in affording employee status to all persons who perform services for the employer under the same circumstances as claimant is without merit (*see* Labor Law § 620 [1] [b]; *Matter of Braunstein [Dinaire Corp.—Commissioner of Labor]*, 250 AD2d 899, 900 [1998]; *Matter of Robinson [New York Times Newspaper Div. of N.Y. Times Co.—Hartnett]*, 168 AD2d 746, 748 [1990], *lv denied* 78 NY2d 853 [1991]; *Matter of Eastern Suffolk School of Music [Roberts]*, 91 AD2d 1123 [1983], *lv denied* 60 NY2d 554 [1983]). The testimony of the employer's witnesses was addressed to its structure and its relationships with clients and contract trainers in general. In the event that there are distinguishing factual questions relating to any other individuals who are contract trainers, they may be addressed in separate proceedings (*see Matter of Robinson [New York Times Newspaper Div. of N.Y. Times Co.—Hartnett], supra* at 747-748).

Mercure, Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.