■ In the Matter of HUMAN PERFORMANCE, INC., Doing Business as WOODSTOCK SPA & WELLNESS, Appellant. COMMISSIONER OF LABOR, Respondent. [814 NYS2d 317]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 28, 2004, which, upon reconsideration, adhered to its prior decision assessing Human Performance, Inc. for additional unemployment insurance

contributions on remuneration paid to massage therapists and others similarly situated.

Human Performance, Inc., doing business as Woodstock Spa & Wellness (hereinafter Woodstock), is a wellness center and day spa that provides a variety of services and employs many different professionals, including yoga instructors, exercise physiologists, aestheticians, massage therapists and nail technicians. It was assessed additional unemployment insurance contributions for massage therapists and aestheticians (hereinafter collectively referred to as therapists) who the Department of Labor regarded as Woodstock's employees. The Unemployment Insurance Appeal Board ultimately ruled that the therapists were Woodstock's employees and adhered to this decision upon reconsideration. This appeal ensued.

We affirm. Evidence was presented that Woodstock established the fees charged for the services rendered by the therapists, a percentage of which they received, scheduled services for its clients during times when the therapists agreed to be available for work, fielded customer complaints, furnished the therapists with workers' compensation coverage and provided the space, equipment and supplies for the therapists to perform their services. In our view, such evidence establishes that Woodstock maintained control over important aspects of the therapists' work so as to be considered their employer, notwithstanding other evidence in the record that would support a contrary conclusion (*see Matter of Kloss [Greater Saratoga Corp.— Sweeney]*, 220 AD2d 964 [1995]). Therefore, we decline to disturb the Board's decision.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.