■ In the Matter of the Claim of LAWRENCE L. ASKEW, Respondent. NARS COSMETICS, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [826 NYS2d 840]—

Lahtinen, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 13, 2005, which ruled that Nars Cosmetics, Inc. was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Claimant was hired by Nars Cosmetics, Inc. as a make-up artist to perform makeovers at various retail stores during events held to promote the latter's line of cosmetics and brushes. When claimant ceased working for Nars, his application for unemployment insurance benefits was initially approved. It was also determined that other persons similarly situated were employees. Nars filed objections contending that claimant and other persons in similar positions were independent contractors rather than employees. An administrative hearing was held, after which the initial findings were sustained. The Unemployment Insurance Appeal Board affirmed and Nars appeals.

We affirm. Here the record reflects that Nars required make-up artists to attend a training session prior to actually performing services, gave the artists all the necessary make-up and supplies needed for each event, scheduled the date and place of each event, and required the artists to dress in a particular manner and to hold themselves out as Nars' representatives. The artists could not negotiate the price of the product and were directed to keep track of the amounts sold and to provide invoices in order to get paid. In view of these facts, we find that there was substantial evidence to support the Board's findings that Nars exercised sufficient supervision, direction and control over the manner in which claimant was required to perform his work such that there was an employer-employee relationship (*see Matter of Booth [Eagle Intl.—Commissioner of Labor]*, 26 AD3d 692 [2006]; *Matter of Fitness Plus [Commissioner of Labor]*, 293 AD2d 909 [2002]; *Matter of Varrecchia [Wade Rusco, Inc.—Sweeney]*, 234 AD2d 826 [1996]). This is true notwithstanding the presentation of evidence that might have supported a different result (*see Matter of O'Toole [Biomet Marx & Diamond, Inc.—Commissioner of Labor]*, 13 AD3d 767 [2004]; *Matter of Jarzabek [Carey Limousine, N.Y.—Commissioner of Labor]*, 292 AD2d 668 [2002], *lv denied* 98 NY2d 606 [2002]). We also reject Nars' contention that the Board erred in concluding that "all other persons similarly situated" to claimant were employees (*see Matter of Booth [Eagle Intl.— Commissioner of Labor], supra* at 694). Nars' remaining contentions have been examined and found to be unpersuasive. Accordingly, the Board's decisions will not be disturbed.

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.