Appeal from a decision of the Unemployment Insurance Ap *1115 peal Board, filed August 20, 2012, which ruled that claimant was eligible to receive unemployment insurance benefits because she had sufficient weeks of covered employment to file a valid original claim.
From February 2011 until September 2011, claimant worked as a counter manager selling fragrances for Exclusive Fragrance & Cosmetics, Inc. (hereinafter EFC) at Saks Fifth Avenue in New York City. After he stopped working for this company, he applied for unemployment insurance benefits. The Department of Labor concluded that claimant’s base period employment with EFC was not covered employment under Labor Law § 511 because there was insufficient evidence to establish the existence of an employment relationship between EFC and claimant. Following a hearing, an Administrative Law Judge ruled otherwise and found that claimant’s work for EFC constituted covered employment. The Unemployment Insurance Appeal Board upheld this decision and, consequently, found that claimant was eligible to receive benefits. EFC now appeals.
We affirm. Initially, the existence of an employment relationship is a factual issue for the Board to decide and its decision will be not disturbed if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Smith [College Network Inc.—Commissioner of Labor], 109 AD3d 1058, 1059 [2013]). The pertinent inquiry is whether the employer exercised control over the results produced or the means used to achieve those results, with the latter being more important (see Matter of Ted Is Back Corp. [Roberts], 64 NY2d 725, 726 [1984]; Matter of Zelenka [Versace Profumi USA-Commissioner of Labor], 304 AD2d 927, 928 [2003]). In the case at hand, evidence was presented that EFC set claimant’s work hours and determined when he could have time off. In addition, it paid him on a weekly basis at a rate of $27 per hour, to which he agreed. Furthermore, claimant was in weekly contact with the vice-president of sales and marketing who discussed with him sales objectives and promotional activities. In view of this, we conclude that substantial evidence supports the Board’s decision that EFC exercised sufficient control over claimant’s activities to establish the existence of an employment relationship notwithstanding evidence supporting a contrary conclusion (see Matter of Askew [Nars Cosmetics, Inc.—Commissioner of Labor], 36 AD3d 1030, 1031 [2007]; Matter of Zelenka [Versace Profumi USA—Commissioner of Labor], 304 AD3d at 928-929). Therefore, we find no reason to disturb the Board’s decision.
Peters, P.J., Lahtinen, McCarthy and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.