Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 24, 2012, which ruled that Aubrey Organics, Inc. was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.
From July through September 2008, claimant, a licensed cosmetologist, was hired by a sales representative of Aubrey Organics, Inc., a cosmetics manufacturer, to perform services as a makeup artist/demonstrator at various locations selected by the sales representative. After claimant applied for unemployment insurance benefits, Aubrey objected, asserting that claimant was an independent contractor and not an employee. The Department of Labor issued an initial determination finding that claimant and other persons similarly situated were employees and an Administrative Law Judge sustained that determination following a hearing. The Unemployment Insurance Appeal Board affirmed, prompting this appeal by Aubrey.
We affirm. “Whether an employer-employee relationship exists is a factual question to be resolved by the Board and its determination in that regard will be upheld so long as it is supported by substantial evidence, even though there may be evidence in the record that could have supported a contrary conclusion” (Matter of Perdue [Environmental Compliance, Inc. — Commissioner of Labor], 47 AD3d 1139, 1140 [2008] [citations omitted]; accord Matter of Lucas [St. Laurent Parfums Corp. — Hartnett], 161 AD2d 993, 994 [1990]). Here, we find substantial evidence in the record supporting the ruling that claimant, and others similarly situated, were Aubrey’s employees for the purposes of the Labor Law (see Matter of Askew [Nars Cosmetics, Inc. — Commissioner of Labor], 36 AD3d 1030, 1031 [2007]; Matter of Rios [La Prairie, Inc. — Commissioner of Labor], 279 AD2d 681, 681 [2001]). Significantly, Aubrey, through its sales representative, indirectly supervised and con *1328 trolled claimant by, among other things, setting her hourly wage and providing training, as well as the lists of specific stores that she was expected to visit and boxes of product to use, free of charge (see Matter of Askew [Nars Cosmetics, Inc. — Commissioner of Labor], 36 AD3d at 1031; Matter of Furno [Panasonic Co., Div. of Matsushita Elec. Corp. of Am. — Roberts], 102 AD2d 937, 937-938 [1984], lv denied 63 NY2d 610 [1984]). While Aubrey maintains that the sales representative that claimant was hired by was an independent contractor, on this record the Board could properly find that the sales representative could be considered to be Aubrey’s agent “in hiring and in supervising claimant” (Matter of Lucas [St. Laurent Parfums Corp.— Hartnett], 161 AD2d at 994; see Matter of Rios [La Prairie, Inc.— Commissioner of Labor], 279 AD2d at 681; Matter of Arkwin Indus. [Hudacs], 208 AD2d 1022, 1023 [1994]). Thus, we find no basis to disturb the Board’s ruling, even if the record contains proof that could support a contrary result.
We have examined Aubrey’s remaining contentions and find them to be unpersuasive.
Lahtinen, J.E, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.