## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   July 31, 2014                    518112
_____

In the Matter of YOGA VIDA
    NYC, INC.,
                        Appellant.
                                        MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:   June 9, 2014

Before:   Peters, P.J., Stein, Garry, Lynch and Devine, JJ.

                    _____

        Andrew S. Goldman, Baltimore, Maryland, for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Mary Hughes
of counsel), for respondent.

                    _____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed June 19, 2013, which assessed Yoga Vida NYC, Inc.
for additional unemployment insurance contributions.

        Yoga Vida NYC, Inc. operates yoga studios in Manhattan.
Instructors are either recruited by Yoga Vida's president,
Michael Patton, or they contact him after hearing about the
company through word of mouth.  In May 2010, the Department of
Labor concluded that the instructors were employees of Yoga Vida
and assessed additional unemployment insurance contributions
against it.  The Unemployment Insurance Appeal Board ultimately
agreed, and this appeal ensued.

        We affirm.  The finding that "an employer-employee
relationship exists is a factual determination for the Board, and
its decision will be upheld if supported by substantial evidence"
(Matter of John Lack Assoc., LLC [Commissioner of Labor], 112

AD3d 1042, 1043 [2013]; see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]). As a general matter, an employer-employee relationship exists when the evidence shows that "the employer exercised control over the results produced or the means used to achieve those results, with the latter being more important" (Matter of Anwer [Exclusive Fragrance & Cosmetics, Inc.—Commissioner of Labor], 114 AD3d 1114, 1115 [2014]; see Matter of John Lack Assoc., LLC [Commissioner of Labor], 112 AD3d at 1043).

Classes were held in Yoga Vida's studios and students were solicited by the company. Yoga Vida published class schedules on its website and set the duration of each class. Instructors were compensated by check according to a negotiated rate, with some instructors preferring a set rate for each class and others electing to take a percentage of the fees that were collected from students who attended classes. Patton averred that the instructors were an integral part of Yoga Vida's business (see Matter of Professional Career Ctr., Inc. [Commissioner of Labor], 105 AD3d 1219, 1220 [2013]), and he personally ensured that they were properly certified and had adequate training and expertise to conduct classes. While Yoga Vida disputed that it supervised the instructors, Patton conceded that he would personally address instructors regarding their manner of instruction if it posed a risk of injury to the students or if they were otherwise engaged in conduct that he found objectionable. Overall, despite the existence of evidence that could result in a contrary result, the record contains substantial evidence to support the Board's decision that Yoga Vida had sufficient control over the instructors' work, thereby allowing for a finding of an employer-employee relationship (see Matter of Anwer [Exclusive Fragrance & Cosmetics, Inc.—Commissioner of Labor], 114 AD3d at 1115; Matter of Human Performance, Inc. [Commissioner of Labor], 28 AD3d 971, 972 [2006]; Matter of Fitness Plus [Commissioner of Labor], 293 AD2d 909, 910 [2002]).

Peters, P.J., Stein, Garry, Lynch and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court