Garry, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed December 26, 2013, which assessed Exotic Island Enterprises and Sliffer Enterprises, Inc. for additional unemployment insurance contributions.
Exotic Island Enterprises and Sliffer Enterprises, Inc. are corporations owned by Keith Slifstein, and they operate, respectively, Fantasy Island Gent Club and Pleasure Island II — venues where patrons can view exotic dancers performing sexually charged dances. The Department of Labor undertook an investigation of the venues that resulted in an initial determination finding that the dancers were employees and assessing additional unemployment insurance contributions against the venues. Following a hearing, an Administrative Law Judge sustained the Department’s determination. The Unemployment Insurance Appeal Board affirmed the Administrative Law Judge’s decision and Exotic and Sliffer (hereinafter collectively referred to as the corporations) now appeal.
We affirm. An employment relationship will be found for the purposes of unemployment insurance where “the employer exercise [d] control over the results produced or the means used to achieve the results. However, control over the means is the more important factor to be considered” (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 *1088 NY3d 433, 437 [2010] [internal quotation marks and citations omitted]; see Matter of Richins [Quick Change Artistry, LLC —Commissioner of Labor], 107 AD3d 1342, 1343 [2013]). In determining whether such a relationship exists “no one factor is determinative and the determination of the . . . [B]oard, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion” (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; see Matter of Lewis [Absolute Distrib., Inc.— Commissioner of Labor], 121 AD3d 1488, 1489 [2014]).
The corporations challenge the brevity and thoroughness of the investigation by the Department auditor, arguing that it was insufficient to establish that the dancers were employees. However, any evidentiary gaps in the initial investigation were filled through the testimony of Slifstein and the corporations’ accountant at the hearing. Slifstein testified that the venues attracted new dancers by placing advertisements in trade magazines and newspapers. Before permitting a dancer to perform at the venues, he would inquire into their prior experience, ask them what schedule they would like, and assess their appearance. If a dancer was not physically fit, he would not permit them to perform at the venues. The dancers were required to provide a driver’s license or other form of identification and would not be allowed to dance at the venue if they did not do so. If a dancer lacked experience, he would instruct them to observe a more experienced dancer in order to learn how to “move sexy.” Although dancers were not required to report to work at any set time, upon advising the owner of their availability, they would be placed on a nightly schedule posted in the venue for the patrons to view. The venues set the prices that the dancers would charge patrons for private dances and retained a percentage of the money earned. Although the dancers provided their own makeup and costumes, the venue provided the stage for the dancers to perform on, sound equipment and, at times, the music accompanying the dances. The corporations’ accountant also testified that the corporations carried workers’ compensation coverage for the dancers. Thus, despite other evidence that may have supported a contrary result, we find the Board’s decision that the corporations exercised sufficient direction and control over the dancers to be supported by substantial evidence (see Matter of Enjoy the Show Mgt. [Commissioner of Labor], 287 AD2d 822, 822-823 [2001]; see also Matter of Human Performance, Inc. [Commissioner of Labor], 28 AD3d 971, 972 [2006]).
In light of the corporations’ failure to provide any documenta *1089 tion with respect to remuneration earned by the dancers, the Department was permitted to assess the additional contributions due based upon the information that was available (see Matter of Calon [Commissioner of Labor], 257 AD2d 855, 856 [1999]; see also Labor Law § 571). There has been no showing of error in the assessment, and we note that similar records were required for the purposes of the workers’ compensation coverage, undermining the corporations’ assertion that it was unaware of the need to maintain such records (see Workers’ Compensation Law §§ 112, 131). Finally, in light of our holding that the corporations exercised sufficient direction and control over the dancers, the parties’ remaining contentions relative to the alternate grounds for the determination, based upon Labor Law § 511 (1) (b) (1-a), are rendered academic.
Peters, P.J., Egan Jr., Rose and Devine, JJ., concur. Ordered that the decisions are affirmed, without costs.