*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    520309
_____

In the Matter of the Claim of
    DOROTHY A. RAYNOR,
                    Respondent.

SYNCHRONICITY, INC.,                    MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  December 15, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____

        Wickman, Bressler & Geasa, PC, Mattituck (Eric J. Bressler
of counsel), for appellant.

        Cynthia Feathers, Glens Falls, for Dorothy A. Raynor,
respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Linda D. Joseph of counsel), for Commissioner of Labor,
respondent.

_____

Garry, J.

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed March 7, 2014, which ruled, among other things, that
Synchronicity, Inc. was liable for additional unemployment
insurance contributions on remuneration paid to claimant and
others similarly situated.

Synchronicity, Inc. operated a fitness club that offered its members the opportunity to participate in fitness classes and to exercise, with or without exercise equipment, at the club. From 2007 to 2011, claimant was a part-time aerobics instructor at the fitness facility. After claimant's business relationship ended with Synchronicity in 2011, she applied for unemployment insurance benefits, which the Department of Labor determined she was entitled to as an employee and, as such, that Synchronicity was liable for additional contributions on remuneration paid to claimant and others similarly employed as aerobics instructors. Following a hearing, an Administrative Law Judge agreed with the Department of Labor's determination. Claimant appealed to the Unemployment Insurance Appeal Board, which affirmed the decision of the Administrative Law Judge, prompting this appeal by Synchronicity.

We affirm. Initially, it is well settled that the existence of an employment relationship is a factual issue for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (see Matter of Concourse Opthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Hunter [Gannett Co.—Commissioner of Labor], 125 AD3d 1166, 1167 [2015]). "The determination rests not on one single factor, but consideration is given to whether control was exercised over the results or the means used to achieve those results, with the latter factor deemed more important" (Matter of McCollum [Fire Is. Union Free Sch. Dist.—Commissioner of Labor], 118 AD3d 1203, 1204 [2014] [citations omitted]; see Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d 1132, 1134 [2014]).

Here, the evidence in the record reflects that Synchronicity established the fees that members of its fitness club were required to pay for their membership and claimant's aerobics classes. Members would pay those fees to Synchronicity directly; claimant never collected money from any of the club's members or charged them for attending her aerobics classes. While there is evidence that claimant's rate of pay was negotiated, the record also reflects that all instructors at the fitness club were paid the same amount and were directly paid by check from Synchronicity once a week. While claimant would bring some of her own fitness equipment for her classes, including

music and Pilates equipment, Synchronicity also provided her with an instruction room and made certain fitness equipment available to her, such as steps and free weights.  Further, claimant was not allowed to solicit members of the club to attend classes that she offered at other fitness clubs.  Overall, despite the existence of evidence that could support a contrary conclusion, the record contains substantial evidence to support the Board's decision that Synchronicity maintained sufficient control over claimant's work so as to be considered her employer (see Matter of Human Performance, Inc. [Commissioner of Labor], 28 AD3d 971, 972 [2006]; Matter of Fitness Plus [Commissioner of Labor], 293 AD2d 909, 910 [2002]).  Therefore, we decline to disturb the Board's decision.

Peters, P.J., Rose and Devine, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court