*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 18, 2016        520759
_____

In the Matter of the Claim of
   STEVEN S. COHEN,
                 Respondent.

CLASSIC RIVERDALE, INC.,             MEMORANDUM AND ORDER
                 Appellant.

COMMISSIONER OF LABOR,
                 Respondent.
_____

Calendar Date:  January 13, 2016

Before:  Peters, P.J., Garry, Egan Jr., Rose and Clark, JJ.

_____

     Mintz & Gold, LLP, New York City (Jeffrey D. Pollack of
counsel), for appellant.

     Christopher Hammond, Cooperstown, for Steven S. Cohen,
respondent.

     Eric T. Schneiderman, Attorney General, New York City
(Linda D. Joseph of counsel), for Commissioner of Labor,
respondent.

_____

Garry, J.

     Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed July 9, 2014, which ruled, among other
things, that Classic Riverdale Inc. is liable for unemployment
insurance contributions on remuneration paid to claimant and
others similarly situated.

Classic Riverdale Inc. operates a senior living facility. Claimant is a fitness instructor who provided exercise classes to the facility's residents from 2002 to 2010. After Classic Riverdale ceased using claimant's services, he applied for unemployment insurance benefits and the Department of Labor granted his application upon finding that he was an employee of Classic Riverdale and not an independent contractor. A hearing was held that resulted in an Administrative Law Judge overruling the Department's determination and finding that claimant was an independent contractor. The Unemployment Insurance Appeal Board reversed that decision and found that an employment relationship existed between claimant and Classic Riverdale entitling him to benefits and that Classic Riverdale was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Classic Riverdale appeals.

We reverse. "An employer-employee relationship exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results" with the second factor deemed to be more important (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; see Matter of Encore Music Lessons LLC [Commissioner of Labor], 128 AD3d 1313, 1314 [2015]). The Board's determination will be upheld where it is supported by substantial evidence, a standard that requires "'proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably — probatively and logically'" (Matter of Rodriguez [2020 Video Voice Data, Ltd.–Commissioner of Labor], 58 AD3d 929, 930 [2009], quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1976]). An employment relationship does not exist where "the evidence establishes that the alleged employer exercises only incidental control over the results produced — without further evidence of control over the means employed to achieve the results" (Matter of Chan [Confero Consulting Assoc., Inc.–Commissioner of Labor], 128 AD3d 1124, 1125 [2015] [internal quotation marks, brackets and citations omitted]).

After learning from a client that Classic Riverdale was

seeking an exercise instructor, claimant contacted the facility's executive director and offered his services. Claimant and the director negotiated a flat fee for each class and set a schedule for the classes. Classic Riverdale did not provide any training or require claimant to wear a uniform. He was not required to punch in or out on the employee time clock, did not use the employee facilities, such as the locker room or cafeteria, and was not invited to attend employee meetings. Claimant alone determined the content of the classes and method of instruction (compare Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 119 AD3d 1314, 1314-1315 [2014], lv granted 24 NY3d 909 [2014]). There was no limitation placed on the amount of time that claimant could miss from work and his attendance was not monitored. He was never given a performance evaluation and was not subject to any form of discipline (see Matter of Leazard [TestQuest, Inc.—Commissioner of Labor, 74 AD3d 1414, 1415 [2010]). Claimant also maintained his own liability insurance (compare Matter of Fitness Plus [Commissioner of Labor], 293 AD2d 909, 910 [2002]). Notably, in addition to providing classes at the facility, claimant also provided services to other clients and solicited the facility's residents for private, one-on-one classes without any objection from Classic Riverdale (compare Matter of Raynor [Synchronicity, Inc—Commissioner of Labor], 135 AD3d 1261 [2016]; see Matter of Leazard [TestQuest, Inc.—Commissioner of Labor], 74 AD3d at 1415.).

The fact that claimant taught the classes on the facility's premises does not indicate an employment relationship, given that claimant was retained for that very purpose (see Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004]). Moreover, the occasional observation of the classes by a facility director, in the absence of evidence of any resulting impact on the means or results of claimant's work, fails to demonstrate the exercise of control (see Matter of Werner [CBA Indus.—Hudacs], 210 AD2d 526, 528 [1994], lv denied 86 NY2d 702 [1995]). While some of the factors cited by the Board may demonstrate that Classic Riverdale exercised incidental control over claimant (see Matter of Best [Lusignan—Commissioner of Labor], 95 AD3d 1536, 1538 [2012]), we find that the record as a whole lacks substantial evidence to support the determination of an employer-employee relationship (see Matter of Jhaveri [Stacy Blackman

Consulting, Inc.—Commissioner of Labor], 127 AD3d 1391, 1392
[2015]; Matter of Leazard [TestQuest, Inc.—Commissioner of Labor,
74 AD3d at 1415; Matter of Omnipop, Inc. [Commissioner of Labor],
68 AD3d 1575, 1577 [2009]).

Peters, P.J., Egan Jr., Rose and Clark, JJ., concur.


ORDERED that the decisions are reversed, without costs, and
matter remitted to the Unemployment Insurance Appeal Board for
further proceedings not inconsistent with this Court's decision.




ENTER:


Robert D. Mayberger
Clerk of the Court