Matter of Loewecke (Larue--Commissioner of Labor) (2019 NY Slip Op 04255)





Matter of Loewecke (Larue--Commissioner of Labor)


2019 NY Slip Op 04255


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

527531

[*1]In the Matter of the Claim of HEATHER E. LOEWECKE, Respondent. CANDACE P. LaRUE, Doing Business as CANDACE LaRUE & ASSOCIATES, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: May 1, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


McNamee Lochner PC, Albany (Jacob F. Lamme of counsel), for appellant.
Young Woo Lee, The Legal Aid Society, New York City, for Heather E. Loewecke, respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 13, 2018, which ruled that Candace P. Larue was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Candace P. LaRue operates a consulting company for afterschool programs. Claimant was a director with an afterschool program that had retained LaRue to do consulting and workshops and was hired by LaRue to help with the consulting business after she was laid off from that job. The Unemployment Insurance Appeal Board determined that claimant was LaRue's employee and assessed LaRue for additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated. LaRue appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983] [citations omitted]; accord Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; see Matter of Strauss [RMC Research Corp.-Commissioner of Labor], 135 AD3d 1268, 1269 [2016]). "It is well settled that a determination that an employer-employee relationship exists may rest upon evidence that the employer exercises either control over the results produced or over the means used to achieve the results, and that control over the means is the more important factor to be considered" (Matter of [*2]Booth [Eagle Intl., Inc.-Commissioner of Labor], 26 AD3d 692, 692-693 [2006] [internal quotation marks, brackets and citations omitted]; see Matter of Jung Yen Tsai [XYZ Two Way Radio Serv., Inc.-Commissioner of Labor], 166 AD3d 1252, 1253 [2018]).
Claimant was hired by LaRue to perform site observations, work on grant applications and conduct training workshops. For site observations, LaRue provided guidance and direction to claimant on what to look for and provided forms for claimant to use, some of which were developed by LaRue. Claimant would submit a report to LaRue following the site observation, which, at LaRue's direction, had to contain resource references. LaRue would then make changes and edits to the report and submit a final report to the client. For training workshops, claimant was provided with all materials needed, including a power point presentation, props, workshop sign-in sheets and evaluations that were returned to LaRue afterward. For grant applications, LaRue provided claimant with prior applications for reference and set deadlines for the grants to be submitted to her for review. LaRue would then compile the final grant project application for the client by a specified deadline.
Claimant was paid for travel time in connection with site visits. LaRue billed the clients and intervened with any difficulty regarding site visits, and any complaints about claimant from a client would be directed to LaRue. In addition, LaRue routinely communicated with claimant regarding the status of the work. In view of the foregoing, the Board's decision that LaRue exercised sufficient control over claimant to establish an employment relationship is supported by substantial evidence and will not be disturbed (see Matter of Charleston [Commissioner of Labor], 138 AD3d 1366, 1367 [2016], lv dismissed 28 NY3d 942 [2016]; Matter of Booth [Eagle Intl., Inc.-Commissioner of Labor], 26 AD3d at 693), notwithstanding evidence in the record that could support a contrary conclusion (see Matter of Zaharuk [Guidepost Solutions LLC-Commissioner of Labor], 136 AD3d 1138, 1140 [2016]; Matter of Executive Educ. Inst. [Commissioner of Labor], 270 AD2d 601, 602 [2000]). LaRue's remaining contentions have been reviewed and are unavailing.
Egan Jr., J.P., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.