■ In the Matter of the Claim of HELEN KOKONI, Respondent. NATIONAL FREELANCERS, INC., Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 3, 1986, which found National Freelancers, Inc. liable for unemployment insurance contributions on remuneration paid to claimant as its employee and to all persons who performed services under similar circumstances.

National Freelancers, Inc. (hereinafter NFI) is in the business of referring skilled clerical workers (they were not trained or tested by NFI) to clients for temporary office work in exchange for a fee. Claimant is one such worker so referred, albeit for only one day of work. NFI's clients were billed by NFI for work done by the temporaries who in turn were paid by NFI at a rate it set for each worker. NFI chose which worker to refer to a particular client, subject to the worker's availability, and a worker's substitute had to be approved by NFI. If a client had an unresolved complaint regarding a particular worker, NFI would send another worker in his or her stead. If a worker was overpaid, NFI would deduct the excess from the worker's next check. A form furnished by NFI, which had to be signed by the worker and his or her supervisor at the client's place of business, was used to bill the client for the work performed and provided that the client agree not to hire the worker for a period of 180 days following unless a fee was paid to NFI. NFI made no payroll deductions for taxes or benefits for the temporaries, provided no workers' compensation coverage, and had no sick leave policy for the workers. Indeed, NFI advised them that they were deemed to be independent contractors and reported their income accordingly via a 1099 form. Workers were allowed to list themselves simultaneously with other temporary services agencies.

After approving claimant's request for unemployment insurance benefits, in which NFI was named as claimant's last employer, the Unemployment Insurance Division of the Department of Labor notified NFI that it considered NFI to be one of claimant's employers and therefore liable for contribution toward her benefits and for all others similarly situated. Upon NFI's protest that no employer-employee relationship existed, a hearing was scheduled, at which NFI's president,

John Stearns, testified and documents pertaining to claimant's unemployment benefits application were introduced by the Commissioner of Labor. Because claimant was unable to attend that hearing and had requested an adjournment, the matter was set down for May 27, 1983. When NFI's counsel became unavailable on that date the hearing was rescheduled for July 8, 1983. However, claimant appeared on May 27 and was permitted to testify with respect to her claim. When claimant did not appear on July 8, NFI moved to have her testimony stricken or to adjourn the hearing to afford NFI the opportunity to cross-examine her. The motion was denied and the Administrative Law Judge subsequently found that an employment relationship existed between NFI and the workers it referred, such as claimant, a determination adopted by the Unemployment Insurance Appeal Board. Because NFI was denied the opportunity to cross-examine claimant, this court reversed that decision and remitted the matter for further proceedings (110 AD2d 1023).

Thereafter a notice of hearing was issued on June 17, 1986 for a new hearing to be held at the Board's offices on July 2, 1986. When claimant did not appear, NFI moved to have her testimony stricken as well as any documents containing hearsay based on statements made by claimant. NFI then argued that this court's decision rendered the previous hearing a nullity and that a hearing de novo was required. The Board struck claimant's testimony but not the hearsay documents, denied NFI's request for a de novo hearing but allowed the record to be supplemented by the addition of an affidavit by Stearns. The Board then sustained the finding of an employer-employee relationship between NFI and claimant and those similarly situated. NFI appeals; we affirm.

Upon remittal, the Board properly interpreted this court's decision to require either an opportunity for NFI to cross-examine claimant or the striking of her testimony from the record, the relief initially requested by NFI back in July 1983 (110 AD2d 1023, *supra*). The remainder of the record, Stearns' testimony and the documents submitted by the Commissioner, was untainted by the error that resulted in reversal; striking the entire record would have served no purpose other than a needless repetition of properly received evidence. Furthermore, hearsay evidence is admissible at such an administrative hearing for what it is worth *(see,* Labor Law § 622 [2]), though it does not appear that the Board even relied upon the documents in question to arrive at its conclusion, a conclusion for which there is substantial evidence as demonstrated by the

facts recited above which were drawn from Stearns' record testimony and supplemental affidavit *(see, e.g., Matter of Gentile Nursing Servs. [Roberts],* 106 AD2d 763, 765 [dissenting mem], *revd on dissenting mem below* 65 NY2d 622, 624).

The case of *Matter of Williman (Ross)* (81 AD2d 997, *affd* 56 NY2d 750), on which NFI relies, is readily distinguishable from the matter at hand, essentially because of the former's reliance on a special exemption for shorthand reporters found in Labor Law § 511 (18), which by definition does not extend to word processors like claimant *(supra,* at 998). Moreover, in *Williman* the putative employees were not held accountable for mistakes, unlike NFI workers who are replaced when their work proves unsatisfactory *(cf., supra).* Additionally, if, as NFI contends, it was crucial to NFI's cause that it question claimant it could have subpoenaed her for that purpose.

Finally, NFI argues that the Board improperly failed to consider whether claimant voluntarily became unemployed by refusing to accept subsequent offers of work from NFI, an issue raised by NFI following the Administrative Law Judge's finding that an employment relationship existed. This issue was not properly before the Board since it was not raised when NFI was initially informed that claimant was seeking unemployment insurance benefits or even when it was notified by the Unemployment Insurance Division that it was considered claimant's employer. Not having been raised in a timely fashion, the issue was waived.

Decision affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.