■ In the Matter of CDK DELIVERY SERVICE, INC., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 14, 1988, which ruled that the employer was liable for additional unemployment insurance contributions.

CDK Delivery Service, Inc. (hereinafter CDK) operates a messenger and package delivery service business in New York City. Based on the evidence adduced at the administrative hearing, CDK's operations are as follows: CDK employs one full-time driver who delivers packages and is paid a weekly salary by CDK. The overflow work which the employee-driver cannot handle is performed by other persons who CDK claims are independent contractors. Each of these drivers is required to sign a written contract prepared by CDK. CDK pays these drivers a commission based on a sliding scale of 55% to 65% of the price it charges to its customers for delivery. The drivers call the office when they want work, or CDK may call them if their services are needed. The drivers may refuse assignments and may perform work for other companies. They provide their own vehicles and pay for their own gas, tolls, insurance and other expenses. The delivery drivers are not given uniforms, identification cards or signs to identify them as CDK personnel. CDK will require a driver to comply with any time deadlines specified by the customer. A driver will also be instructed to call CDK to verify a delivery if a customer requests such verification. CDK also provides the drivers with forms on which they must log their deliveries.

These forms must be turned in to CDK and are used to compute the remuneration due to the drivers.

The sole issue in this appeal is whether the Unemployment Insurance Appeal Board's determination that these additional delivery drivers are employees of CDK and not independent contractors is supported by substantial evidence. A determination may be supported by substantial evidence even though there is evidence in the record which would support a contrary conclusion (see, Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, 682, cert denied 481 US 1049). In our view, there is sufficient evidence in the record to support the Board's finding that an employer-employee relationship existed. Moreover, this determination is consistent with prior cases involving substantially similar facts (see, e.g., supra).

Decision affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.