■ In the Matter of the Claim of LUIS CABALLERO, Respondent. REYNOLDS TRANSPORT, INC., Doing Business as MOON-LITE EXPRESS, Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 5, 1991, which, *inter alia,* assessed Reynolds Transport, Inc. for additional unemployment insurance contributions.

The conclusion by the Unemployment Insurance Appeal Board that the drivers used by Reynolds Transport, Inc. for its delivery services were its employees is supported by substantial evidence in the record. As the Board noted, Reynolds' dispatcher would assign the work to the drivers and instruct them on where the packages would be picked up and delivered. The drivers were required to call in the name of the receivers of the packages. The drivers were paid by Reynolds on a weekly basis and it was Reynolds who obtained and billed the customers *(see, Matter of CDK Delivery Serv. [Hartnett],* 151 AD2d 932; *Matter of Alfisi [BND Messenger Serv.—Hartnett],* 149 AD2d 883). Although Reynolds did not own the vehicles and the drivers could refuse assignments as well as work for other companies, such factors are not dispositive *(see, supra).* A determination of an employer-employee relationship may be supported by substantial evidence even where there is

evidence in the record to support a contrary conclusion *(see, Matter of Rivera [State Line Delivery Serv.—Roberts],* 69 NY2d 679, *cert denied* 481 US 1049). In reviewing the record in this case, we reject Reynolds' contention that it did not exercise sufficient exercise and control over the services of its drivers to establish their status as employees *(see, Matter of Wells [Utica Observer Dispatch & Utica Press—Roberts],* 87 AD2d 960, *affd* 59 NY2d 638). Reynolds' remaining contentions have been considered and rejected as lacking in merit.

Mikoll, J. P., Levine, Mercure, Crew III and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.