■ In the Matter of the Claim of THOMAS W. BARNHART, Respondent. MANHATTAN MORTGAGE COMPANY, Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 29, 1991, which ruled that Manhattan Mortgage Company was liable for unemployment insurance contributions on remuneration paid to claimant.

Substantial evidence in the record exists to support the determination of the Unemployment Insurance Appeal Board that Manhattan Mortgage Company, a mortgage broker, exercised sufficient direction and control over claimant to establish his status as an employee *(see, Matter of Cohen [Blinder, Robinson & Co.—Roberts], 112 AD2d 687, affd 67 NY2d 683; Matter of Kings Org. Assocs. [Roberts], 101 AD2d 903; Matter of Frattallone [Victor Addressing Corp.—Levine], 39 AD2d 984).* This is true even though evidence may exist in the record to support a contrary conclusion *(see, Matter of CDK Delivery Serv. [Hartnett], 151 AD2d 932).* Claimant was provided with a desk, a telephone and the use of the office's fax and copying machines. Claimant submitted all loan applications to Manhattan Mortgage for review by a loan processor and, if the bank he chose was inappropriate, claimant had to prepare different documents for approval by another lending

institution. When claimant was not going to be in he would contact the office. Although claimant was to solicit his own clients, Manhattan Mortgage often put restrictions on how he was to generate business. He was also restricted in his use of direct mail to advertise his services. In fact, all of claimant's correspondence had to be reviewed by Manhattan Mortgage before it left the office. Claimant was also supplied with business cards which had Manhattan Mortgage's name on them. We have considered Manhattan Mortgage's remaining contentions and find them lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.