■ In the Matter of the Claim of DANIEL M. GEORGE, Respondent. UPSTATE MERCHANDISING, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [679 NYS2d 191] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 2, 1997, which assessed Upstate Merchandising, Inc. for additional contributions based upon remuneration paid to claimant and those similarly situated.

Claimant was employed as a salesperson for Upstate Merchandising, Inc., a manufacturer's and supplier's representative. Substantial evidence supports the Unemployment Insurance Appeal Board's conclusion that Upstate exercised sufficient direction and control over the work of claimant and those similarly situated to establish their status as employees rather than independent contractors. The record discloses that Upstate paid claimant a $500 weekly draw against commissions, required claimant to attend manufacturer's meetings and trade shows, furnished sales leads, business cards and other office supplies, reimbursed claimant for travel and telephone expenses and required claimant to check into the office daily. Upstate further directed the manner in which claimant performed his work by prohibiting him from disclosing confidential information and from selling competing products for other manufacturers. This proof constitutes substantial evi-

dence to support the Board's decision that an employer-employee relationship existed (*see, Matter of Rhodes [Aspex Eyewear—Sweeney]*, 247 AD2d 689; *Matter of Dolhon [United Group Agency—Sweeney]*, 236 AD2d 749), notwithstanding that the record contains proof to support a contrary conclusion (*see, Matter of Roman [Berglund—Commissioner of Labor]*, 252 AD2d 707). We have considered Upstate's remaining contentions, including that it was improperly denied the right to cross-examine claimant, and find them to be without merit.

Cardona, P. J., Mikoll, Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.