■ In the Matter of the Claim of MARIA RIVERA, Respondent. AIA ENVIRONMENTAL CORPORATION, Appellant; COMMISSIONER OF LABOR, Respondent. (And Another Related Proceeding.) [692 NYS2d 503] —Appeals from two decisions of the Unemployment Insurance Appeal Board, filed January 26, 1998, which ruled that the employer was liable for unemployment insurance contributions based on remuneration paid to claimant and those similarly situated.

Claimant is a licensed asbestos handler who performed services for AIA Environmental Corporation, a company which contracts to remove cancer-causing agents from various site locations. AIA challenges two decisions of the Unemployment Insurance Appeal Board finding that AIA exercised sufficient direction and control over the work of claimant and those similarly situated to establish their status as employees rather than independent contractors.

We affirm. While the asbestos handlers were responsible for all costs and training associated with maintaining their licenses as well as providing their own respiratory masks and medical documentation, the record discloses that AIA provided the necessary disposable items needed on a daily basis, such as disposable suits, filters for their masks and tools needed for the assignment. In addition, AIA set the hours of work on each project, determined the rate of pay, paid overtime, allotted a half hour for lunch and required the asbestos handlers to sign in and out on a time sheet.

Job performance was monitored by a licensed supervisor who was required to be at each job site. At times the supervisor was also the project manager who was employed by AIA. The project manager retained the discretion to terminate any asbestos handler for any reason, including taking too many breaks. Furthermore, any time off from a project had to be approved by the project handler and supported by the appropriate documentation. Inasmuch as substantial evidence supports the finding of an employer-employee relationship, we decline to disturb the Board's decisions despite the presence in the record of evidence to support a contrary conclusion (*see, Matter of Ramirez [Gottlieb Jewelry—Commissioner of Labor], 256 AD2d 137*).

Mercure, J. P., Crew III, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the decisions are affirmed, without costs.