■ In the Matter of the Claim of MARIANNE FILETTO, Respondent. UNION-ENDICOTT CENTRAL SCHOOL DISTRICT, Appellant; COMMISSIONER OF LABOR, Respondent. [753 NYS2d 244] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 17, 2001, which ruled that claimant was eligible to receive unemployment insurance benefits.

Claimant worked at a full-time position assigned through Manpower and also worked at a part-time job with the Union-Endicott Central School District (hereinafter District). In May

2001, she voluntarily left the District because she no longer wanted to work at two jobs. She continued with her full-time position until June 29, 2001, when she was unexpectedly laid off. On July 5, 2001, claimant filed for unemployment insurance benefits. Since she had ostensibly accumulated earnings through her Manpower position after leaving the District that were at least equal to five times her weekly unemployment insurance benefit rate, the fact that she had left the District for a disqualifying reason (i.e., voluntary separation) did not foreclose a potential proportional charge to the District (*see* Labor Law § 593 [1] [a]; *see also* Labor Law § 581 [1] [e] [2]). The District thus responded to the potential unemployment insurance charge by sending claimant a letter, dated July 24, 2001, in which it attempted to afford her reasonable assurance that she could return to work at the District when the fall term commenced (*see* Labor Law § 590 [11]). The letter requested a response from claimant by August 7, 2001. Claimant, however, obtained another full-time job on August 6, 2001. A hearing was nevertheless conducted to determine whether the "reasonable assurance" provision pertaining to nonprofessional employees of academic institutions (*see* Labor Law § 590 [11]) should be applied to claimant affecting her benefits upon the ground that she was not totally unemployed from June 29, 2001 to August 6, 2001. The Administrative Law Judge determined that the reasonable assurance provision did not apply to these unique facts and the Unemployment Insurance Appeal Board agreed. This appeal ensued.

Pursuant to Labor Law § 590 (11), nonprofessional employees of an academic institution are ineligible for unemployment insurance benefits during the period between academic years or terms if they have been given a "reasonable assurance" of continued employment during the next academic year or term. Whether a claimant received reasonable assurance of employment constitutes a factual issue for resolution by the Board and its determination, if supported by substantial evidence, will not be disturbed (*see Matter of Makis [Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.]*, 251 AD2d 928, 929; *Matter of Sandick [New York City Bd. of Educ.—Hudacs]*, 197 AD2d 737, 738). Here, the record establishes that claimant's job with the District had stopped before the end of the academic year, the school board removed her from the payroll in May 2001 and she was not reinstated by the school board to that job before the summer recess. The letter sent by the District in late July 2001 could reasonably be interpreted as a new offer of employment, and not a "reasonable assurance" relating back to the prior school year's employment. There is thus substantial evidence supporting the Board's determination.

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.