■ In the Matter of MEDICAL TRANSCRIPTION PLUS, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [755 NYS2d 496] —Mercure, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 29, 2001, which assessed Medical Transcription Plus, Inc. for additional unemployment insurance contributions.

Medical Transcription Plus, Inc. (hereinafter MTP) operates a medical transcription business providing transcription services to medical professionals in the City of Syracuse, Onondaga County, and surrounding areas. MTP contracts with experienced transcriptionists, who work from their homes and are required to provide their own equipment. MTP also contracts with couriers to pick up dictation tapes at clients' offices, deliver those tapes to centralized drop locations for pickup by medical transcriptionists and deliver completed transcripts to client sites. In addition to recruiting transcriptionists and generating business, MTP also handles client billing at a flat per word rate and maintains "errors and omissions" insurance coverage for the transcriptionists' work.

The Department of Labor initially determined that MTP's corporate officers, medical transcriptionists and couriers were employees and assessed MTP for additional unemployment insurance contributions. When a hearing on the assessment commenced, the Department excluded the corporate officers and an Administrative Law Judge affirmed the remaining findings that the couriers and transcriptionists were employees and remitted the matter for redetermination of the proper assessment excluding the corporate officers. The Unemployment Insurance Appeal Board affirmed the modified determination, prompting this appeal.

In our view, there is substantial evidence in the record to support the Board's determination that the couriers and transcriptionists are employees of MTP for whom unemployment insurance contributions must be assessed. Initially, we reject MTP's claim that the transcriptionists should be viewed as "freelance shorthand reporter[s]," and, thus, exempt from unemployment insurance contributions (*see* Labor Law § 511 [18]; *Matter of Williman [Ross]*, 81 AD2d 997, *affd* 56 NY2d 750) because word processors such as the transcriptionists here are not subject to this special exemption (*see Matter of Kokoni [National Freelancers—Hartnett]*, 149 AD2d 855, 857, *lv dismissed* 74 NY2d 871).

It is well settled that whether an employer/employee relationship exists is a question of fact for the Board that will not be disturbed if supported by substantial evidence even if evi-

dence in the record would support a contrary result (*see Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682, *cert denied* 481 US 1049; *Matter of Spinnell [Commissioner of Labor]*, 300 AD2d 770, 770; *Matter of Economy Off. Maintenance [Commissioner of Labor]*, 292 AD2d 651, 651). Such a determination turns on whether the purported employer exercises control over the results produced or, more importantly, the means by which those results are produced (*see Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 521; *Matter of Rivera [State Line Delivery Serv.—Roberts]*, *supra*; *Matter of Gains, Inc. [Commissioner of Labor]*, 298 AD2d 754, 754).

Here, the record reveals that MTP directed the work of the transcriptionists by, inter alia, requiring them to obtain specific equipment, supplying training tapes and any forms or stationery required by specific clients, arranging for pickup and delivery of dictation tapes and finished products, and assuming overall responsibility for completion of transcription services. The record further reveals that the couriers, a husband and wife team, were paid a flat fee per week regardless of their mileage or the number of pickups and deliveries they made. The couriers also "checked in" with MTP's president daily and obtained updates regarding pickups and deliveries whenever changes were required. Both the couriers and transcriptionists were paid weekly or biweekly even if MTP had not yet been paid. Under these circumstances, substantial evidence supports the Board's finding that MTP exercised sufficient control over the final delivered transcripts, and the means by which those transcripts were produced and delivered, to be considered the employer of both the transcriptionists and the couriers.

Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.