In the Matter of the Claim of LARRY K. AUBREY, Respondent. NGT LIBRARY, INC., Doing Business as NATIONAL GEOGRAPHIC SOCIETY, Appellant; COMMISSIONER OF LABOR, Respondent. [779 NYS2d 595]—

Cardona, P.J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed January 31, 2003, which ruled that NGT Library, Inc. was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Pursuant to a written contract and subsequent extension, claimant worked as a sales representative for NGT Library, Inc., a company engaged in the sale of stock film footage. After the contract extension expired, claimant applied for and received unemployment insurance benefits. Additionally, NGT was found liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. NGT objected on the ground that claimant was an independent contractor, and, following a hearing on the matter, the Administrative Law Judge agreed. The Unemployment Insurance Appeal Board reversed, prompting these appeals.

At the outset, we note that our review of the Board's finding that an employer-employee relationship existed between NGT and claimant is limited to whether such finding is supported by substantial evidence in the record; should that be the case, it will not be disturbed (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of Zelenka [Versace Profumi USA—Commissioner of Labor]*, 304 AD2d 927, 928 [2003]). Of all the factors to be considered in analyzing this issue, no one factor is dispositive, although the primary focus "is on the employer's control over the means used to achieve the results" (*Matter of Monti Moving & Stor. [Sweeney]*, 241 AD2d 734, 735 [1997]; *see Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]).

Here, evidence was proffered at the hearing that NGT exercised a sufficient degree of control over claimant, including testimony that claimant was restricted to operating in a specific sales territory, directed to contact and schedule meetings with a minimum number of potential clients each month and required to submit weekly reports allowing NGT to monitor his progress. While under contract with NGT, claimant was also prohibited from working for its competitors. Moreover, it is undisputed that NGT paid claimant a draw against his commissions which he was not required to repay, provided him with some training and supplies, and recompensed him for most travel and work-related expenses. While it is true that claimant was not given

specific directions on how to meet his client contact quotas and was permitted to work out of his own home, viewing the record as a whole, we deem the aforementioned indicia of an employer-employee relationship sufficient to constitute substantial evidence supporting the Board's decisions (*see Matter of Zelenka [Versace Profumi USA—Commissioner of Labor], supra* at 928; *Matter of George [Upstate Merchandising—Commissioner of Labor],* 254 AD2d 657, 657-658 [1998]; *cf. Matter of Monti Moving & Stor. [Sweeney], supra* at 735). The fact that other evidence was adduced in support of NGT's contention that claimant had acted as an independent contractor does not dictate a contrary result (*see Matter of Nielsen [Barrier Window Sys.—Commissioner of Labor],* 261 AD2d 743, 743 [1999]). Accordingly, we find no reason to disturb the Board's decisions.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.