In the Matter of the Claim of Essam K. Eliraky, Respondent. Crosslands Transportation, Inc., Appellant; Commissioner of Labor, Respondent. [801 NYS2d 96]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 19, 2004, which ruled that claimant and others similarly situated were employees of Crosslands Transportation, Inc.

Upon receiving claimant's application for unemployment insurance benefits, the Commissioner of Labor determined that claimant, a limousine driver, had been an employee of Crosslands Transportation, Inc. Crosslands disputed that determination, alleging that claimant was an independent contractor. Following

several hearings, an Administrative Law Judge sustained the initial determination, which decision was upheld by the Unemployment Insurance Appeal Board. Crosslands now appeals.

The existence of an employer-employee relationship is a factual determination for the Board to resolve, which will not be disturbed if supported by substantial evidence (*see Matter of Lambert [Staubach Retail Servs. New England, LLC—Commissioner of Labor]*, 18 AD3d 1049, 1050 [2005]; *Matter of Stuckelman [Blodnick, Gordon, Fletcher & Sibell, P.C.—Commissioner of Labor]*, 16 AD3d 882, 882 [2005]). Here, the record established that, among other things, Crosslands maintained ultimate control over the vehicle driven by claimant, dictated which clients claimant serviced, handled the billing of clients and paid claimant on a regular basis. This evidence demonstrates that Crosslands exercised sufficient supervision and control over claimant to establish an employment relationship (*see Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]; *Matter of Stuckelman [Blodnick, Gordon, Fletcher & Sibell, P.C.—Commissioner of Labor], supra* at 882). The fact that other evidence was presented in support of Crosslands' contention that claimant acted as an independent contractor does not dictate a contrary result (*see Matter of Zelenka [Versace Profumi USA—Commissioner of Labor]*, 304 AD2d 927, 928-929 [2003]). Accordingly, we find no basis upon which to disturb the Board's decision.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.