In the Matter of the Claim of ROBERT E. KELLY, Respondent. FRANK GALLO, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [814 NYS2d 340]—

Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 22, 2004, which ruled, inter alia, that Frank Gallo, Inc. was liable for unemployment insurance contributions for claimant and others similarly situated.

Frank Gallo, Inc. (hereinafter Gallo) is a retail florist, which had regular employees working at an hourly rate, who accomplished deliveries using Gallo's vehicles. Claimant, having responded to Gallo's newspaper advertisement for "drivers," delivered Gallo's products at times when it required additional drivers. Claimant used his own vehicle for these deliveries, paid all associated expenses and was responsible for all missing products. Claimant would advise Gallo when he was available to work, and would deliver its products within his choice of two geographic zones established by Gallo. Claimant was given a list of deliveries within a particular geographic zone and he was required to deliver the product within a reasonable time on the same day. Claimant was also required to obtain a recipient's signature upon delivery, report to Gallo the time of the delivery, and his payment was expressly conditioned upon him being "polite [and] well-mannered." Upon claimant's submission of a request for payment, he was paid for each delivery at a rate that was unilaterally established by Gallo. Although delivery of its product was an integral part of Gallo's business, claimant was never required to work and was permitted to work for Gallo's competitors.

On this appeal, Gallo's sole contention is that the Unemployment Insurance Appeal Board's determination that claimant was an employee, and not an independent contractor, is incor-

rect. Whether an employer-employee relationship exists rests on "indicia of control exerted by the employer over the results produced or, more significantly, the means utilized to achieve those results" (*Matter of Lambert [Staubach Retail Servs. New England, LLC—Commissioner of Labor]*, 18 AD3d 1049, 1050 [2005]; *Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682 [1986], *cert denied* 481 US 1049 [1987]; *Matter of O'Toole [Biomet Marx & Diamond, Inc.—Commissioner of Labor]*, 13 AD3d 767 [2004]). The factual determination of the Board must be upheld if it is supported by substantial evidence (*see Matter of Lambert [Staubach Retail Servs. New England, LLC—Commissioner of Labor]*, *supra*; *Matter of Varrecchia [Wade Rusco, Inc.—Sweeney]*, 234 AD2d 826 [1996]; *Matter of Werner [CBA Indus.—Hudacs]*, 210 AD2d 526 [1994], *lv denied* 86 NY2d 702 [1995]). Here, the record bears substantial evidence of Gallo's control over the manner in which claimant was required to perform his work (*see Matter of Varrecchia [Wade Rusco, Inc.—Sweeney]*, *supra*; *Matter of Caballero [Reynolds Transp.—Hudacs]*, 184 AD2d 984 [1992]; *Matter of CDK Delivery Serv. [Hartnett]*, 151 AD2d 932, 932-933 [1989]; *compare Matter of Werner [CBA Indus.—Hudacs]*, *supra* at 527-528). A different finding is not compelled by the existence of a written agreement that identifies claimant as an independent contractor (*see Matter of Priester [City & Suburban Delivery Sys.—Commissioner of Labor]*, 273 AD2d 654, 655 [2000], *appeal dismissed* 96 NY2d 897 [2001]; *Matter of Francis [West Sanitation Servs.—Sweeney]*, 246 AD2d 751, 752 [1998], *appeal dismissed* 92 NY2d 886 [1998]) or by record evidence that could support a contrary result (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 521 [1985]; *Matter of Jarzabek [Carey Limousine, N.Y.—Commissioner of Labor]*, 292 AD2d 668, 669 [2002], *lv denied* 98 NY2d 606 [2002]; *Matter of Caballero [Reynolds Transp.—Hudacs]*, *supra*). Accordingly, the Board's determination will not be disturbed.

Crew III, Spain and Mugglin, JJ., concur; Cardona, P.J., not taking part. Ordered that the decision is affirmed, without costs.