■ In the Matter of the Claim of JEROME R. GREENSPAN, Re-spondent. ADCO PAPER & PACKAGING COMPANY, Appellant; COM-MISSIONER OF LABOR, Respondent. [818 NYS2d 689]—

Peters, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed March 22, 2005, which ruled that Adco Paper & Packaging Company was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Claimant began working as a sales representative for Adco Paper & Packaging Company in June 2003. When claimant ceased working for Adco in December 2003, his application for unemployment insurance benefits was approved by the Department of Labor over Adco's objection that he was an independent contractor rather than an employee. Following a hearing, an Administrative Law Judge upheld the Department's determination. The Unemployment Insurance Appeal Board affirmed and Adco now appeals.

The existence of an employer-employee relationship is a factual determination for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (see Matter of Kelly [Frank Gallo, Inc.—Commissioner of Labor], 28 AD3d 1044, 1045 [2006]; Matter of Eliraky [Crosslands Transp., Inc.—Commissioner of Labor], 21 AD3d 1197, 1198 [2005]). The record reveals that although claimant had significant freedom regarding where and when he conducted business as well as the selection of potential customers, Adco required him to contact certain customers and limited his ability to negotiate prices. Additionally, claimant was provided with company order forms, business cards and brochures and was required to complete daily reports regarding his sales efforts. The record further indicates that claimant went into the Adco office twice a week and met with the company president at least once a week to discuss his work. Claimant was paid a fixed weekly draw and received a monthly reimbursement for travel expenses and health insurance. Given the foregoing, we find that the record as a whole contains substantial evidence to support the Board's finding of an employer-employee relationship notwithstanding the existence of evidence that could support a different result (see Matter of Kelly [Frank Gallo, Inc—Commissioner of Labor], supra at 1045; Matter of O'Toole [Biomet Marx & Diamond, Inc.—Commissioner of Labor], 13 AD3d 767, 768 [2004]; Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor], 8 AD3d 803, 804-805 [2004]).

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.