■ In the Matter of the Claim of LISA SAALFIELD, Respondent. EBER BROTHERS WINE & LIQUOR COMPANY, Appellant; COMMISSIONER OF LABOR, Respondent. [829 NYS2d 738]—

Appeals from two decisions of the Unemployment Insurance Appeal Board, filed December 12, 2005, which ruled that Eber Brothers Wine & Liquor Company was liable for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Claimant conducted wine tastings on behalf of Eber Brothers Wine & Liquor Company at wine stores and trade shows. After her employment ended, claimant applied for unemployment insurance benefits. An initial determination was issued finding that claimant was an employee of Eber Brothers and that Eber Brothers was liable for additional contributions based on remuneration paid to claimant and to all others similarly situated as employees. Eber Brothers objected on the ground that claimant was an independent contractor. Following a hearing, the Administrative Law Judge overruled Eber Brothers' objection.

The Unemployment Insurance Appeal Board affirmed, prompting this appeal.

The existence of an employer-employee relationship is a factual issue for the Board to resolve and its determination of this issue will not be disturbed if supported by substantial evidence, even where other evidence in the record could support a contrary result (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor]*, 8 AD3d 803, 804 [2004]; *Matter of Zelenka [Versace Profumi USA—Commissioner of Labor]*, 304 AD2d 927, 928-929 [2003]). While all aspects of the arrangement must be examined, the primary focus is "whether the purported employer exercises control over the results produced or, more importantly, the means by which those results are produced" (*Matter of Medical Transcription Plus [Commissioner of Labor]*, 302 AD2d 689, 690 [2003]).

Here, evidence was produced that Eber Brothers exercised a sufficient degree of control over claimant's work to establish an employment relationship. Among other things, Eber Brothers provided claimant with informal training (*see Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor]*, *supra* at 804), contacted her with specific assignments when she was needed to work (*see Matter of Pozarycki [Customer Mktg. Servs.—Commissioner of Labor]*, 292 AD2d 661, 662 [2002]), provided products and supplies (*see Matter of Rivera [AIA Envtl. Corp.]*, 262 AD2d 898, 899 [1999]), required feedback on the results of the wine tastings (*see Matter of Tupis [Miles Home Servs.—Sweeney]*, 234 AD2d 834, 835 [1996]), and set her rate of pay (*see Matter of Kelly [Frank Gallo, Inc.—Commissioner of Labor]*, 28 AD3d 1044, 1044 [2006], *lv dismissed* 7 NY3d 844 [2006]; *Matter of Buffalo Suzuki Strings [Hudacs]*, 195 AD2d 744, 744 [1993]). Because substantial evidence supports the Board's decision, we decline to disturb it.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.