■ In the Matter of the Claim of PAUL MIRSKY, Respondent. TWIN-TEX CORPORATION, Appellant; COMMISSIONER OF LABOR, Respondent. [831 NYS2d 570]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 15, 2005, which ruled that Twin-Tex Corporation was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Claimant worked as a salesperson for Twin-Tex Corporation, a wholesale distributor of textiles, for approximately one year. After leaving the company, he applied for unemployment insurance benefits. The Department of Labor issued an initial determination finding that Twin-Tex was liable for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. Twin-Tex objected, asserting that claimant was an independent contractor. Following a hearing, an Administrative Law Judge determined that an employment relationship existed between Twin-Tex and claimant, and this decision was upheld by the Unemployment Insurance Appeal Board. Twin-Tex now appeals.

We affirm. The evidence adduced at the hearing reveals that Twin-Tex exercised a sufficient degree of control over important aspects of claimant's work to establish an employment relationship (see e.g. Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor], 8 AD3d 803, 804 [2004]). Specifically, Twin-Tex provided claimant with fabric samples, office supplies, business cards, a desk and a telephone, paid the telephone bill, established the price range for the fabrics, prohibited claimant from selling competing fabrics and gave claimant a list of potential customer contacts to assist him in his sales. Although claimant was to be compensated from commissions based upon his sales, Twin-Tex provided him with a $700 per week advance toward such commissions during the first six months of his employment and

▮▮▮▮▮▮▮▮▮▮▮▮

changed this compensation arrangement only after claimant was unable to generate sufficient sales. Notwithstanding the existence of factors bolstering Twin-Tex's assertion that claimant was an independent contractor, substantial evidence nonetheless supports the Board's decision (see id. at 805; Matter of Kienle [Hunter Eng'g Co.—Commissioner of Labor], 261 AD2d 769, 770 [1999]).

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.