◼ In the Matter of the Claim of TRICIA L. DALEY, Claimant. URBAN JUSTICE CENTER, Appellant; COMMISSIONER OF LABOR, Respondent. [838 NYS2d 923]—

---

Carpinello, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 12, 2006, which held that the employer's experience rating account was chargeable for unemployment insurance benefits paid to claimant.

Claimant worked for Urban Justice Center (hereinafter the employer) for approximately fours years before voluntarily resigning in December 2005. She subsequently worked for Forestdale, Inc. from January 2006 until she was laid off in March 2006. Claimant thereafter applied for and received unemployment insurance benefits which were charged in part to the employer's experience rating account. The employer filed a protest, arguing that claimant had voluntarily quit her position without good cause and, as a consequence, its account could not be charged for benefits paid to her. After a hearing, an Administrative Law Judge sustained the initial determination and the Unemployment Insurance Appeal Board affirmed. The employer now appeals.

We affirm. Labor Law § 581 (1) (e) (3) states: "An employer's account shall not be charged, and the charges shall instead be made to the general account, for benefits paid to a claimant after the expiration of a period of disqualification from benefits following a final determination that the claimant lost employment with the employer through misconduct or voluntary separation of employment without good cause within the meaning of [Labor Law § 593]." According to the employer, this section mandates that, because claimant voluntarily quit her position with it, the benefits paid to claimant must be paid out of the general account rather than its own experience rating account. However, prior to filing her claim for benefits, claimant worked for the subsequent employer earning more than five times her weekly benefit rate and, thus, she was not disqualified from receiving unemployment insurance benefits notwithstanding her prior voluntary withdrawal from the labor market (*see* Labor Law § 593 [1] [a]). More importantly, no prior disqualification determination had been made regarding claimant's voluntary resignation from the employer because claimant never applied for benefits immediately after leaving it. Labor Law § 581 (1) (e) (3) can only apply if a "final determination" has been made that claimant's loss of employment with the employer was voluntary. In the absence of such a final determination, the provisions of Labor Law § 581 (1) (e) (2) apply and the employer's account was properly charged (*see Matter of Finkel, Nadler & Goldstein [Levine]*, 46 AD2d 196 [1974], *appeal dismissed* 37 NY2d 740 [1975]; *see also Matter of Filetto*

*[Union-Endicott Cent. School Dist.—Commissioner of Labor]*, 301 AD2d 772, 773 [2003]).

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.