■ In the Matter of the Claim of RAYMOND SEPULVEDA, Respondent. MYLES-PAT ASSOCIATES, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [847 NYS2d 277]—

Mugglin, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed December 12, 2005, which ruled that Myles-Pat Associates, Inc. was liable for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Claimant worked for Myles-Pat Associates, Inc. as a mortgage originator. After his relationship with Myles-Pat ended, claimant applied for unemployment insurance benefits. A determination was issued by the Commissioner of Labor denying claimant's application on the basis that he voluntarily quit his job without good cause when he relocated to Florida.

The Department of Labor subsequently initiated proceedings in order to determine whether claimant and similarly situated mortgage originators were employees of Myles-Pat for the purpose of the Labor Law. The Commissioner of Labor initially found that an employment relationship existed and held that Myles-Pat was liable for additional contributions based on re-

muneration paid to claimant and all others similarly situated. A hearing ensued at the request of Myles-Pat, following which the Administrative Law Judge sustained the initial determination. The Unemployment Insurance Appeal Board affirmed, prompting this appeal by Myles-Pat.

Myles-Pat first contends that the Board's finding of an employment relationship was in error. Whether an employer-employee relationship exists is a factual question to be resolved by the Board and its determination in that regard will be upheld so long as it is supported by substantial evidence, even where record evidence could support a contrary conclusion (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of Noel [Life Alert Emergency Response—Commissioner of Labor]*, 38 AD3d 1082, 1083 [2007]). "While all aspects of the arrangement must be examined, the primary focus is 'whether the purported employer exercises control over the results produced or, more importantly, the means by which those results are produced' " (*Matter of Saalfield [Eber Bros. Wine & Liq. Co.—Commissioner of Labor]*, 37 AD3d 928, 929 [2007], quoting *Matter of Medical Transcription Plus [Commissioner of Labor]*, 302 AD2d 689, 690 [2003]). There was evidence in this case that, among other things, Myles-Pat provided claimant with office space, computer software and the use of a telephone, copier and fax machine, claimant was required to identify himself as a representative of Myles-Pat and his business cards had Myles-Pat's name on them, and claimant was required to submit loan application documentation to Myles-Pat for review by its loan processor. Under these circumstances, substantial evidence supports the Board's decision that claimant and others similarly situated were employees of Myles-Pat (*see Matter of Barnhart [Manhattan Mortgage Co.—Hudacs]*, 189 AD2d 1050, 1050-1051 [1993]).

Myles-Pat's additional argument that claimant is not entitled to unemployment insurance benefits because he voluntarily quit his job was previously resolved by a determination of the Commissioner of Labor and was apparently again raised by Myles-Pat only to the extent that the issue might impact its obligation for additional contributions based on remuneration paid to claimant.

Cardona, P.J., Mercure, Crew III and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.