■ In the Matter of the Claim of JANET M. PERDUE, Respondent. ENVIRONMENTAL COMPLIANCE, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [850 NYS2d 681]—

Rose, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed April 27, 2006, which, upon reconsideration, adhered to its prior decisions ruling that Environmental Compliance, Inc. was liable for additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated.

Claimant conducted safety training sessions on behalf of Environmental Compliance, Inc. (hereinafter ECI) for two of its clients. After claimant resigned and she worked for another employer for a brief time, she applied for unemployment insurance benefits. An initial determination was issued finding that claimant was an employee of ECI and that ECI was liable for additional contributions based on remuneration paid to

claimant. ECI objected and, following a hearing, the Administrative Law Judge sustained the initial determination, finding that an employer-employee relationship existed and that claimant was not subject to the disqualification provision of Labor Law § 593 (1) (a). The Unemployment Insurance Appeal Board affirmed and, upon reconsideration, adhered to its prior decisions. ECI now appeals.

Whether an employer-employee relationship exists is a factual question to be resolved by the Board and its determination in that regard will be upheld so long as it is supported by substantial evidence, even though there may be evidence in the record that could have supported a contrary conclusion (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of Noel [Life Alert Emergency Response, Inc.—Commissioner of Labor]*, 38 AD3d 1082, 1083 [2007]). "While all aspects of the arrangement must be examined, the primary focus is 'whether the purported employer exercises control over the results produced or, more importantly, the means by which those results are produced' " (*Matter of Saalfield [Eber Bros. Wine & Liq. Co.—Commissioner of Labor]*, 37 AD3d 928, 929 [2007], quoting *Matter of Medical Transcription Plus [Commissioner of Labor]*, 302 AD2d 689, 690 [2003]).

Here, the record includes evidence that ECI exercised the requisite control over claimant's work. ECI established claimant's rate of pay (*see Matter of Saalfield [Eber Bros. Wine & Liq. Co.—Commissioner of Labor]*, 37 AD3d at 929; *Matter of Kelly [Frank Gallo, Inc.—Commissioner of Labor]*, 28 AD3d 1044, 1044 [2006], *appeal dismissed* 7 NY3d 844 [2006]) and reimbursed her for expenses (*see Matter of O'Neil-Haight [County of Yates—Commissioner of Labor]*, 34 AD3d 1041, 1042 [2006]; *Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor]*, 8 AD3d 803, 804 [2004]). Claimant was also prohibited from engaging in activities in competition with ECI for one year after the parties' agreement terminated (*see Matter of MacFarlane [Aid Assn. for Lutherans Corp.—Commissioner of Labor]*, 35 AD3d 1076, 1077 [2006]; *Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor]*, 8 AD3d at 804). Additionally, claimant was provided business cards bearing ECI's name (*see Matter of JoonBug Prods., Inc. [Commissioner of Labor]*, 35 AD3d 997, 998 [2006]; *Matter of Greenspan [Adco Paper & Packaging Co.—Commissioner of Labor]*, 31 AD3d 1092, 1093 [2006]). Moreover, ECI scheduled claimant's sessions with one of the two clients she trained (*see Matter of Rivera [AIA Envtl. Corp.]*, 262 AD2d 898, 899 [1999]) and set the fee charged to all clients for the training sessions (*see Matter of Noel [Life Alert*

*Emergency Response, Inc.—Commissioner of Labor]*, 38 AD3d at 1083-1084). ECI also provided claimant with basic training materials *(see Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor]*, 8 AD3d at 804) and required the submission of claimant's time sheets *(see Matter of O'Neil-Haight [County of Yates—Commissioner of Labor]*, 34 AD3d at 1042). Under these circumstances, we find that substantial evidence supports the finding of an employer-employee relationship despite other evidence in the record to the contrary *(see Matter of Mirsky [Twin-Tex Corp.—Commissioner of Labor]*, 38 AD3d 1029, 1030 [2007]; *Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor]*, 8 AD3d at 804).

Furthermore, as the record indicates that claimant, in her employment subsequent to resigning from her agreement with ECI, earned $2,115, which is more than five times her weekly benefit rate of $405, the Board's determination that claimant is not disqualified from receiving unemployment insurance benefits pursuant to Labor Law § 593 (1) (a) was proper and will not be disturbed *(see Matter of Daley [Urban Justice Ctr.— Commissioner of Labor]*, 42 AD3d 839, 840 [2007]). We have considered ECI's remaining arguments and find them to be without merit.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.