In the Matter of the Claim of ANTONIO INTERLANDI, Respondent. CREMOSA FOODS COMPANY, LLC, Appellant; COMMISSIONER OF LABOR, Respondent. [895 NYS2d 226]—

Stein, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed July 29, 2008, which ruled that Cremosa Foods Company, LLC was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Cremosa Foods Company, LLC is a distributor of Italian specialty foods. In separate decisions, the Unemployment Insurance Appeal Board determined that an employer-employee relationship existed between Cremosa and claimant, a sales representative, and others similarly situated, and assessed Cremosa additional unemployment insurance contributions. Cremosa now appeals both decisions.

We affirm. "[T]he existence of an employment relationship is a factual issue for the Board to decide and its determination will be upheld if supported by substantial evidence" (*Matter of Automotive Serv. Sys., Inc. [Commissioner of Labor]*, 56 AD3d 854, 855 [2008]; *see Matter of Parisi [Commissioner of Labor]*, 54 AD3d 456, 457 [2008]). In making this determination, "evidence of control over the results produced or the means used to achieve those results are relevant considerations, with the latter being more important" (*Matter of La Fleur [LTI, Inc.—Commissioner of Labor]*, 27 AD3d 935, 936 [2006], *lv dismissed* 7 NY3d 783 [2006]; *accord Matter of Noel [Life Alert Emergency Response, Inc.—Commissioner of Labor]*, 38 AD3d 1082, 1083 [2007]).

Here, evidence was adduced supporting the Board's determination, including that Cremosa assigned claimant a sales territory to cover (*see Matter of Lombard [SOH Distrib. Co., Inc.—Commissioner of Labor]*, 52 AD3d 981, 982 [2008]). Cremosa also provided claimant with a list of customers (*see Matter of*

*O'Toole [Biomet Marx & Diamond, Inc.—Commissioner of Labor]*, 13 AD3d 767, 768 [2004]) and business cards with the company logo (*see Matter of Perdue [Environmental Compliance, Inc.—Commissioner of Labor]*, 47 AD3d 1139, 1140 [2008]). Cremosa set the commission rate paid to the sales representatives (*see Matter of Noel [Life Alert Emergency Response, Inc.—Commissioner of Labor]*, 38 AD3d at 1083) and claimant was paid a $500 weekly draw against commissions and reimbursed for expenses for a period of time (*see Matter of Foster [Tacy—Commissioner of Labor]*, 293 AD2d 848, 849 [2002], *lv dismissed* 99 NY2d 531 [2002]; *Matter of George [Upstate Merchandising—Commissioner of Labor]*, 254 AD2d 657, 657 [1998]). Cremosa set the price, terms and conditions for the sale of their products (*see Matter of McCarthy [Monsieur Touton Selection—Commissioner of Labor]*, 276 AD2d 988, 988 [2000]) and prohibited sales representatives from selling competing products during the course of their employment and for one year thereafter (*see Matter of Perdue [Environmental Compliance, Inc.—Commissioner of Labor]*, 47 AD3d at 1140). Despite evidence in the record that could support a contrary result, we find substantial evidence that Cremosa exercised sufficient control over the sales representatives to establish an employer-employee relationship (*see Matter of MacFarlane [Aid Assn. for Lutherans Corp.—Commissioner of Labor]*, 35 AD3d 1076, 1077 [2006]; *Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor]*, 8 AD3d 803, 805 [2004]).

Cardona, P.J., Peters, Spain and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs.