■ In the Matter of the Claim of RAYMOND W. SAVOIE, Respondent. JOE PIETRYKA, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [916 NYS2d 259]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 14, 2009, which held that the employer's experience rating account was chargeable for unemployment insurance benefits paid to claimant.

Claimant worked as a quality control manager for Joe Pietryka, Inc. (hereinafter the employer) for approximately six months before he voluntarily resigned abruptly in December 2007. Thereafter, he was employed by Atlantis Energy Systems from December 2007 until he was laid off in February 2009. Claimant then applied for unemployment insurance benefits, which were granted and charged in part to the employer's experience rating account. The employer filed a protest, contending that, inasmuch as claimant had voluntarily left its employ without good cause, its account could not be charged for benefits paid to him. Ultimately, the Unemployment Insurance Appeal Board sustained the initial determination and the employer now appeals.

We affirm. Claimant worked for Atlantis and earned more than five times his weekly benefit rate, thereby removing the disqualification from receiving benefits that arose when he previously voluntarily left his employment with the employer (*see* Labor Law § 593 [1]; *Matter of Perdue [Environmental Compliance, Inc.—Commissioner of Labor]*, 47 AD3d 1139, 1141

[2008]; *Matter of Daley [Urban Justice Ctr.—Commissioner of Labor]*, 42 AD3d 839, 840 [2007]; *Matter of Filetto [Union-Endicott Cent. School Dist.—Commissioner of Labor]*, 301 AD2d 772, 773 [2003]). Further, we must reject the employer's argument that, pursuant to Labor Law § 581 (1) (e) (3), its account was improperly charged. Here, claimant did not apply for unemployment insurance benefits when he left the employer in December 2007, therefore no final determination was ever rendered that claimant's loss of employment was voluntary, as required by the plain language of Labor Law § 581 (1) (e) (3) and, thus, that statute does not apply (*see Matter of Daley [Urban Justice Ctr.—Commissioner of Labor]*, 42 AD3d at 840; *Matter of Filetto [Union-Endicott Cent. School Dist.—Commissioner of Labor]*, 301 AD2d at 773).

The employer's remaining claim is unpreserved for our review.

Spain, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.