■ In the Matter of the Claim of CHERYL A. PERRY, Respondent. SUMMIT SECURITY SERVICES, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [935 NYS2d 231]—

Peters, J.P.

The facts of this case are not in dispute. Claimant was discharged from her employment with Summit Security Services, Inc. under circumstances constituting misconduct pursuant to the Labor Law. Claimant did not apply for unemployment insurance benefits at that time and began working for another employer. Claimant earned at least five times her weekly benefit rate while working for the subsequent employer. Claimant's subsequent employment ended for nondisqualifying reasons and she thereafter applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board granted claimant's application, holding that Summit's experience rating account should be charged for the benefits payable to claimant because the prior disqualifying circumstances had been broken by claimant's subsequent employment. Summit now appeals.

Summit maintains that the Board's determination represents an arbitrary and capricious departure from precedent, which held that employers could not be charged for benefits awarded to employees who were terminated for misconduct. The Commissioner of Labor acknowledges that the Board's decision is a departure from precedent and represents a change in the Department of Labor's interpretation of the relevant statutory provisions, but contends that the current statutory interpretation is consistent with both a plain reading of the relevant statutory provisions and the public policy concerns set forth in Labor Law § 501.

State administrative agencies are free to correct a prior erroneous interpretation of the law, but must set forth the reasons for doing so in order to enable a reviewing court to assess whether the agency has changed its position for valid reasons or has simply overlooked or ignored its precedent (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 519-520 [1985]; *see also Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231-232 [1996]). Here, the Board's decision endeavors to explain the reasons underlying its modified statutory interpretation, and we agree that the current statutory interpretation is consistent with both a plain reading of the relevant statutory provisions as well as the public policy concerns set forth in Labor Law § 501.

Labor Law § 527 (1) (d) provides for the exclusion of wages earned from "employers from whom the claimant lost employment under conditions which would be disqualifying pursuant to [section 593 (3)]." However, Labor Law § 593 (3) specifically provides that such a disqualifying condition is eliminated after the claimant "has subsequently worked in employment and earned remuneration at least equal to five times his or her

weekly benefit rate." It is undisputed that claimant earned the requisite remuneration in subsequent employment, thereby breaking the disqualification and, consequently, removing the claim from Labor Law § 527 (1) (d).

Furthermore, Labor Law § 581 (1) (e) (3) provides that "[a]n employer's account shall not be charged, and the charges shall instead be made to the general account, for benefits paid to a claimant after the expiration of a period of disqualification from benefits *following a final determination* that the claimant lost employment with the employer through misconduct or voluntary separation of employment without good cause within the meaning of [Labor Law § 593] and the charges are attributable to remuneration paid during the claimant's base period of employment with such employer prior to the claimant's loss of employment with such employer through misconduct or voluntary separation of employment without good cause" (emphasis added). Claimant did not file a claim for benefits following her termination from employment with Summit and no "final determination" has been made with regard to the circumstances of her discharge. Therefore, the provisions of Labor Law § 581 (1) (e) (3) do not apply and Summit's experience rating account is properly charged for benefits paid to claimant (*see Matter of Savoie [Joe Pietryka, Inc.—Commissioner of Labor]*, 80 AD3d 1036, 1036-1037 [2011]; *Matter of Daley [Urban Justice Ctr.— Commissioner of Labor]*, 42 AD3d 839, 840 [2007]).

Rose, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.