In the Matter of the Claim of KEVIN R. CHRISTY, Respondent. ASPIRE OF WESTERN N.Y., Appellant; COMMISSIONER OF LABOR, Respondent. [938 NYS2d 356]—

Peters, J.P.

The facts of this case are not in dispute. Claimant was discharged from his employment with Aspire of Western N.Y. under circumstances constituting misconduct pursuant to the Labor Law. Claimant did not apply for unemployment insurance benefits at that time. Claimant earned at least five times his weekly benefit rate while working for subsequent employers, but ultimately lost his employment for nondisqualifying reasons. Claimant's subsequent application for unemployment insurance

benefits was granted and the Unemployment Insurance Appeal Board held that Aspire's experience rating account should be charged for the benefits payable to claimant because the prior disqualifying circumstances had been broken by claimant's subsequent employment. Aspire now appeals.

Aspire maintains that the Board's determination represents an arbitrary and capricious departure from precedent. The Commissioner of Labor acknowledges that the Department of Labor has modified its interpretation of the relevant statutory provisions, but contends that the current statutory interpretation is consistent with both a plain reading of the relevant statutory provisions and the public policy concerns set forth in Labor Law § 501.

State administrative agencies are free to correct a prior erroneous interpretation of the law, but must set forth the reasons for doing so in order to enable a reviewing court to assess whether the agency has changed its position for valid reasons or has simply overlooked or ignored its precedent (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 519-520 [1985]; *see also Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231-232 [1996]). Here, the Board's decision relies upon a recent decision of the Board explaining the Department's current interpretation of the relevant statutory provisions and providing the reasons underlying its modified statutory interpretation (*see Matter of Perry [Commissioner of Labor]*, 90 AD3d 1434 [2011] [decided herewith]).

Labor Law § 527 (1) (d) provides for the exclusion of wages earned from "employers from whom the claimant lost employment under conditions which would be disqualifying pursuant to [section 593 (3)]." However, inasmuch as claimant has removed his disqualifying condition by earning remuneration equal to at least five times his weekly benefit rate, the exclusion set forth in Labor Law § 527 (1) (d) does not apply. Moreover, there has not been a final determination regarding claimant's separation from employment with Aspire because he did not file a claim until after any disqualifying condition was broken. Accordingly, Aspire's experience rating account is properly charged for benefits awarded to claimant (*see* Labor Law § 581 [1] [e] [3]; *Matter of Perry, supra; Matter of Savoie [Joe Pietryka, Inc.—Commissioner of Labor]*, 80 AD3d 1036, 1036-1037 [2011]).

Rose, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.