■ In the Matter of the Claim of DENIS P. MICILETTO, Respondent. VILLAGE WINE IMPORTS LTD., Appellant; COMMISSIONER OF LABOR, Respondent. [971 NYS2d 483]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 28, 2012, which ruled that Village Wine Imports Ltd. was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Claimant was a salesperson for Village Wine Imports Ltd., a wine importer and distributor. Substantial evidence supports the Unemployment Insurance Appeal Board's conclusion that claimant and those similarly situated were Village Wine's employees and not independent contractors. Village Wine set claimant's commission rate, paid him a draw on his commission for a period of time, and reimbursed his travel and telephone expenses. Claimant was also trained by Village Wine, which assisted his sales efforts by providing product samples and busi-

ness cards bearing the company name. Village Wine also set the price, terms and conditions for all sales, gave claimant sales leads, required him to obtain approval for sales, and handled all shipping and invoicing matters. While evidence in the record could support a contrary result, the Board was free to determine from the above that Village Wine exercised sufficient control over claimant to establish an employer-employee relationship (*see Matter of Interlandi [Cremosa Foods Co., LLC—Commissioner of Labor]*, 70 AD3d 1150, 1150-1151 [2010]; *Matter of Salo [Yvon Mau Wines—Sweeney]*, 247 AD2d 808, 808-809 [1998]).

Lahtinen, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.