*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 17, 2014                    517526
_____

In the Matter of the Claim of
    NATALIE M. DeROSE,
                    Respondent.

WINSTON RETAIL SOLUTIONS, LLC,              MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.

(And Two Other Related Claims.)
_____

Calendar Date:   June 9, 2014

Before:   Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ.

_____

        Epstein Becker & Green, PC, New York City (Dean L.
Silverberg of counsel), for appellant.

        Francis J. Smith, Albany, for Natalie M. DeRose and others,
respondents.

_____

        Appeals from six decisions of the Unemployment Insurance
Appeal Board, filed November 27, 2012, which ruled that Winston
Retail Solutions, LLC was liable for unemployment insurance
contributions based on remuneration paid to claimants and others
similarly situated.

        Winston Retail Solutions, LLC is a retail consulting firm
that provides merchandising coordinators, such as claimants, to
various clothing manufacturers.  The merchandising coordinators
assist Winston's clients by, among other things, installing,
stocking and cleaning their display areas in retail stores that

sell their brand.  After claimants ceased working for Winston and applied for unemployment insurance benefits, the Department of Labor issued initial decisions finding that Winston was liable for contributions based upon the exercise of control over claimants and others similarly situated.  An Administrative Law Judge sustained the decisions following a hearing and the Unemployment Insurance Appeal Board agreed, ruling that claimants and others similarly situated were employees of Winston, not independent contractors.  Winston now appeals.

We affirm.  "Whether an employer-employee relationship exists is a factual question to be resolved by the Board and its determination in that regard will be upheld so long as it is supported by substantial evidence, even though there may be evidence in the record that could have supported a contrary conclusion" (Matter of Perdue [Environmental Compliance, Inc.—Commissioner of Labor], 47 AD3d 1139, 1139 [2008] [citations omitted]; accord Matter of Victor [Aubrey Organics, Inc.—Commissioner of Labor], 116 AD3d 1327, 1327 [2014]).  Here, claimants were required to sign an agreement with Winston that provided, among other things, that Winston would set their schedule and claimants were prohibited from working for any of Winston's clients during the term of the agreement and for six months thereafter.  Winston provided claimants with orientation training and training manuals.  Claimants were not free to hire substitutes and had to inform Winston if they could not work on a given day and Winston would arrange coverage.  Winston also required daily reports from claimants, in some cases, including pictures, reflecting the services provided each day, and Winston representatives would review the reports and require claimants to fix any displays that they found unacceptable.  Notwithstanding the proof in the record that could support a contrary result, the above constitutes substantial evidence supporting the determination of the Board that claimants and those similarly situated were Winston's employees and not independent contractors (see Matter of Cohen [Just Energy Mktg. Corp.—Commissioner of Labor], 117 AD3d 1112, 1113 [2014]; Matter of Tekmitchov [Musika LLC], 110 AD3d 1301, 1301 [2013], lv dismissed 23 NY3d 941 [2014]).  Finally, although Winston argues that our prior decision involving similar employment in Matter of Baker (P.I.M.M.S. Corp.—Hudacs) (209 AD2d 751 [1994]) is controlling,

that case is factually distinguishable and we are not persuaded that a different conclusion is warranted here.

Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court